No. 58,484

STATE OF KANSAS, *Appellee*, v. JAMES J. STARBUCK, *Appellant*.

(715 P.2d 1291)

Opinion filed March 28, 1986.

*Daniel T. Brooks*, of Wichita, argued the cause and was on the brief for appellant.

*Geary N. Gorup*, assistant district attorney, argued the cause and *Kimberly Gee Vines*, assistant district attorney; *Clark V. Owens*, district attorney; and *Robert T. Stephan*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The defendant appeals from a decision of the Sedgwick County District Court revoking his probation claiming the judge's conduct denied him his constitutional right to due process.

James Junior Starbuck pleaded guilty to two counts of aggravated indecent liberties with a child. The victims of the crimes were the defendant's six- and eight-year-old stepdaughters. Starbuck received concurrent sentences of five to twenty years. After being committed to the custody of the Secretary of Corrections, Starbuck was granted probation by Judge Robert D. Watson upon certain conditions. Two of these conditions were:

"g. That defendant have no contact with defendant's stepdaughters . . . until such time as the defendant's therapist and theirs, if applicable, agree that meeting in a family therapy session is appropriate.

"h. That defendant live and stay at some place other than the home [in] which [the stepdaughters] reside with their mother, Deanna Dorene Starbuck, until such time as reuniting is approved by all therapists involved, and until prior approval of the sentencing court and of the Sedgwick County District Attorney has been obtained in a formal hearing in Sedgwick County District Court."

The defendant moved to Topeka and was supervised by a Shawnee County probation officer.

The State charged that Starbuck had violated conditions "g" and "h" of his probation agreement. On June 27, 1985, Judge

Watson conducted a probation violation hearing. At the hearing, Deanna D. Starbuck testified that although the defendant had stayed overnight with her in the home where her daughters lived, he had never stayed there while the girls were present. The girls often stayed at her parents' home so that she could be with the defendant.

Mrs. Starbuck's mother, Evelyn Neely, testified that she had seen the defendant with the two girls without their mother since his release on probation. A friend who stayed with Deanna Starbuck in her home for two months testified that the defendant spent the night in the house several times while the girls were present.

During the hearing, the defendant's attorney attempted to challenge the mother-in-law's credibility, but the judge refused to allow most of the testimony. Throughout the proceedings, the judge made certain comments which the defendant contends establish that he was not provided a fair and impartial hearing.

First, Starbuck claims the judge erred in refusing to admit or consider evidence of witness Evelyn Neely's credibility and reputation for veracity.

One who claims a judge abused his discretion in refusing to admit or to consider evidence regarding the credibility and reputation of a witness has the burden of proving that contention. *Lone Star Industries, Inc. v. Secretary, Kansas Dept. of Transp.,* 234 Kan. 121, 131, 671 P.2d 511 (1983). We have examined each of the contentions and have reviewed the evidence proffered by the defendant and conclude that none of the claims show prejudicial error by the judge's refusal to admit or to consider the evidence proffered by the defendant.

Secondly, Starbuck claims that because of judicial misconduct, he was denied a fair hearing and thus was denied due process of law.

Probation from serving a sentence is an act of grace by the sentencing judge and is granted as a privilege, not as a matter of right. The judge, when granting probation, has broad powers to impose conditions designed to serve the accused and the community.

K.S.A. 1985 Supp. 22-3716, which governs probation revocation hearings, provides a method to determine if the probationer has violated the terms of his probation. A court may issue a

warrant for the arrest of a probationer for an alleged violation of any of the conditions of release. If the violation is established, the judge may continue or revoke the probation. Proof beyond a reasonable doubt of a violation of the probation is not required by the statute or the Constitution. *State v. Rasler*, 216 Kan. 292, 532 P.2d 1077 (1975). When a judge conducts a hearing to determine whether a probationer has violated the terms and conditions of the probation, the probationer may not be denied the right to "due process" during the hearing.

At a minimum, the essential elements of due process of law in a hearing affecting a person's life, liberty or property are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *State v. Pearson*, 234 Kan. 906, 678 P.2d 605 (1984).

Proceedings in court should be so conducted as to reflect the importance and seriousness of the inquiry to ascertain the truth. Throughout the hearing, Judge Watson made comments regarding the evidence submitted by the accused probation violator. During the hearing, the judge repeatedly took over the examination of the witnesses. Occasionally, the judge expressed to the attorney for the defendant his opinions and that his "patience was wearing thin."

Canon 3 of the rules relating to judicial conduct requires that a judge be patient, dignified, and courteous. 235 Kan. clxiii. A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law. He should exercise restraint over his conduct and utterances. If it becomes necessary during a proceeding for the judge to comment upon the conduct of witnesses, counsel or the testimony, he should do so in a firm, dignified and restrained manner, avoiding repartee and refraining from unnecessary disparagement of persons or issues.

Allegations of judicial misconduct during a probation revocation hearing must be decided on the particular facts and circumstances surrounding such alleged instances of misconduct. In order to warrant or require the granting of a new hearing it must affirmatively appear that the conduct was of such a nature that it prejudiced the substantial rights of the complaining party.

The record on appeal is examined and it is determined that, under the circumstances, since the matter was not one tried to a

jury, the district judge did not commit prejudicial error by his conduct. The evidence is uncontradicted that Starbuck was in violation of the terms of his probation. Judges may not act arbitrarily in revoking probation, but all that is required for revocation is evidence and facts which reasonably satisfy the judge that the probationer has violated a condition of his probation.

The order revoking the defendant's probation is affirmed.

PRAGER, J., concurs in the result.