(768 P.2d 313)
No. 62,250

STATE OF KANSAS, *Appellee,* v. DIANA K. MOSBURG, *Appellant.*

—

Opinion filed February 3, 1989.

*Tammie E. Kurth,* of Neubauer, Sharp, McQueen, Dreiling, & Morain, P.A., of Liberal, for appellant.

*Linda S. Trigg,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRAZIL, P.J., PAGE W. BENSON, District Judge Retired, assigned, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

BENSON, J.: Diana K. Mosburg appeals from the sentence imposed following her plea of no contest to endangering a child, K.S.A. 21-3608, contending that the trial court erred in requiring Mosburg to refrain from becoming pregnant during the term of probation and that the trial court abused its discretion in sentencing.

Diana Mosburg, age forty, is the mother of three children, aged seventeen, thirteen, and two at the time of the incident. Mosburg had filed for a divorce from her husband. Mosburg gave birth to a girl, and when the baby was approximately two hours old, Mosburg took the baby to a restaurant parking lot, found an unlocked truck with baby items in it, and left the baby in the truck without any identification or intent to return.

A complaint was filed against Mosburg charging her with abandonment of a child. K.S.A. 21-3604. A few days later, an amended complaint was filed charging her with endangering a child. K.S.A. 21-3608. Subsequently, Mosburg entered a plea of no contest. Mosburg was sentenced to one year in jail and ordered to pay restitution of medical expenses incurred by the

State, court costs, and attorney fees. She was ordered to serve thirty days in jail, after which she would be granted a two-year parole. The trial court ordered: "As terms of this probation the Defendant shall not again violate the law; shall pay costs, attorney's fees and restitution; and shall refrain from becoming pregnant during the term of her parole."

The first question for this court to determine is whether the trial court erred in forbidding Mosburg to become pregnant during the parole period. Mosburg contends on appeal that the parole condition involving pregnancy violates her constitutional right to privacy. This appears to be an issue of first impression in Kansas.

K.S.A. 21-4602(4) provides that "a court of competent jurisdiction of a person confined in the county jail" may release that person "subject to conditions imposed by the court." K.S.A. 21-4602(3) provides for probation "subject to conditions imposed by the court." We conclude that parole conditions are governed by the same law that controls probation conditions.

K.S.A. 21-4610 authorizes the trial court to set conditions of probation and sets out a nonexclusive list of conditions the court may include. The trial court has broad powers to impose probation conditions designed to serve the accused and the community. *State v. Starbuck*, 239 Kan. 132, 133, 715 P.2d 1291 (1986). Setting the conditions of probation lies within the sound discretion of the trial court. *State v. Hargis*, 5 Kan. App. 2d 608, 611, 620 P.2d 1181 (1980), *rev. denied* 229 Kan. 671 (1981).

There are, however, limitations on probation conditions that infringe on constitutionally protected rights. Thus, probation officers may not be given unlimited powers to search a probationer's property, *United States v. Consuelo-Gonzalez*, 521 F.2d 259 (9th Cir. 1975), and a probationer may not be prohibited from freely expressing his opinions concerning the validity of public laws, *Porth v. Templar*, 453 F.2d 330 (10th Cir. 1971). In *Wiggins v. State*, 386 So. 2d 46, 48 (Fla. Dist. App. 1980), the court struck down a probation condition prohibiting probationers, who were convicted of uttering a forged instrument or of burglary, from engaging in sexual intercourse with individuals to whom they were not lawfully married, holding the condition was not reasonably related to the probationers' past and future criminality or to the rehabilitative process.

Mosburg contends decisions regarding conception lie within the sphere of choices protected by constitutional rights to privacy. The United States Supreme Court accepted this argument in *Carey v. Population Services International,* 431 U.S. 678, 685, 52 L. Ed. 2d 675, 97 S. Ct. 2010 (1977):

"The decision whether or not to beget or bear a child is at the very heart of this cluster of constitutionally protected choices. That decision holds a particularly important place in the history of the right of privacy . . . . This is understandable, for in a field that by definition concerns the most intimate of human activities and relationships, decisions whether to accomplish or to prevent conception are among the most private and sensitive. 'If the right of privacy means anything, it is the right of the individual, married or single, to be free of unwarranted governmental intrusion into matters so fundamentally affecting a person as the decision whether to bear or beget a child.' *Eisenstadt v. Baird* [405 U.S. 438, 453, 31 L. Ed. 2d 349, 92 S. Ct. 1029 (1972).]"

Several other jurisdictions have examined the validity of probation conditions prohibiting the probationer from becoming pregnant. All hold such a condition invalid.

California considered the question in *People v. Pointer,* 151 Cal. App. 3d 1128, 199 Cal. Rptr. 357 (1984). In *Pointer,* the defendant followed, and imposed on her children, a strict macrobiotic diet. As a result of that diet, one child was seriously underdeveloped and the other child suffered severe growth retardation and permanent neurological damage. The defendant was convicted of felony child endangerment and sentenced to probation with a condition prohibiting her from conceiving a child. The court held the probation condition was reasonably related to the offense and to possible future criminality. 151 Cal. App. 3d at 1138-39. The court observed, however, that the condition infringes on a fundamental privacy right and is therefore subject to special scrutiny. 151 Cal. App. 3d at 1139. The court held that the condition was overly broad because there were less restrictive alternatives available, including court-supervised prenatal and neonatal care. 151 Cal. App. 3d at 1140.

The *Pointer* court also expressed concern about attaching criminal sanctions to pregnancy. The court noted that the probation condition would make it less likely that the defendant would seek prenatal care should she become pregnant and would make it more likely that she would seek an abortion; the court deemed judicially coerced abortion improper. 151 Cal. App. 3d at 1140. The court finally noted that even the best contraceptive methods

sometimes fail and questioned the wisdom of attaching criminal status to such failure. 151 Cal. App. 3d at 1141 n. 12.

In *Rodriguez v. State*, 378 So. 2d 7 (Fla. Dist. App. 1979), the defendant was convicted of aggravated child abuse and as conditions of her ten-year probation lost custody of all her children and was prohibited from having custody of any children and from becoming pregnant. The court reversed the pregnancy condition, noting that, although constitutional protections are diminished by probationary status, the condition pertaining to pregnancy had no relation to child abuse because the defendant would not have custody of any children during the probationary period. 378 So. 2d at 10.

In *State v. Livingston*, 53 Ohio App. 2d 195, 372 N.E.2d 1335 (1976), the defendant was convicted of felony child abuse; as part of her sentence she was placed on probation with the condition that she not have another child for five years. The court voided that part of the sentence, holding that the condition unconstitutionally oppressed or restricted the liberties of the defendant, and implied that the condition was not reasonably related to rehabilitating the defendant. 53 Ohio App. 2d at 197.

The probation condition regarding pregnancy unduly intrudes on Mosburg's right to privacy. There would be significant enforcement problems should Mosburg become pregnant, forcing her to choose among concealing her pregnancy (thus denying her child adequate medical care), abortion, or incarceration. The State should not have the power to penalize Mosburg if she uses contraceptives which for some reason fail to prevent pregnancy.

The probation condition ordering Mosburg to refrain from becoming pregnant should be stricken.

Mosburg next contends that, although no single factor constitutes abuse of discretion, a combination of the following factors demonstrates that her sentence was unreasonable and an abuse of discretion. The trial judge (1) failed to state the factors he considered in passing sentence, (2) failed to expressly consider the statutory sentencing factors, (3) failed to request or consider a presentence report, (4) witnessed the original complaint charging Mosburg with a felony, (5) disregarded the prosecutor's sentencing recommendation, and (6) imposed an allegedly unconstitutional probation condition.

In general, a sentence within the statutory limits will not be

disturbed on appeal in the absence of special circumstances showing abuse of discretion. *State v. Linsin*, 10 Kan. App. 2d 681, 682, 709 P.2d 988 (1985). Judicial discretion is abused when no reasonable person would take the view adopted by the trial court. *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973).

Mosburg was convicted of endangering a child, a class A misdemeanor. K.S.A. 21-3608. The maximum sentence for a class A misdemeanor is confinement in the county jail for one year. K.S.A. 21-4502. A misdemeanant may receive a maximum probation period of two years. K.S.A. 21-4611. Mosburg received the statutory maximum sentence but was required to spend only part of it incarcerated.

Mosburg concedes that none of these factors standing alone requires a finding of abuse of discretion. She relies on *State v. Goering*, 225 Kan. 755, 594 P.2d 194 (1979), and *State v. Buckner*, 223 Kan. 138, 574 P.2d 918 (1977), in which the sentences were vacated in the absence of a statement of reasons. In *Goering*, the defendant was convicted of aggravated kidnapping, kidnapping, aggravated robbery, burglary, and two counts of attempted murder and received consecutive sentences of life, fifteen years to life, three to ten years, five to twenty years, and five to twenty years, despite having no prior criminal record and being unarmed during the commission of the crime. 225 Kan. at 762. In *Buckner*, the defendant was convicted of three counts of aggravated robbery arising from a single incident and received consecutive maximum sentences of thirty years to life, despite a favorable presentence report. 223 Kan. at 146-47.

The present case is considerably less harsh in its treatment of Mosburg. She received only thirty days in jail out of a possible year for an offense involving endangering the life of an infant. The disparity between the actual sentence and the State's recommended sentence was only six months. Although the trial court stated that it had "no sympathy for someone that would cast a newborn upon the mercy of strangers," there is no evidence of bias or personal prejudice against Mosburg.

We remand this case to the trial court to delete the probation condition that Mosburg refrain from becoming pregnant during the term of the parole and affirm the remainder of the sentence.