No. 64,127

STATE OF KANSAS, *Appellee*, v. GILBERT WALBRIDGE, *Appellant.*

(805 P.2d 15)

Opinion filed January 18, 1991.

*J. Patrick Lawless, Jr.*, assistant appellate defender, argued the cause, and *Steven R. Zinn*, deputy appellate defender, was with him on the brief for appellant.

*Robert A. Walsh*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, C.J.: Gilbert Walbridge, Sr., appeals from an order of the district court requiring him to serve four months in the Cloud County jail as a condition of probation. The Court of Appeals affirmed the action of the trial court in *State v. Walbridge*, 14 Kan. App. 2d 483, 794 P.2d 316 (1990), and we granted the defendant's petition for review. We reverse and remand the case for further proceedings.

Although the issue before us is strictly a question of law, we will briefly set forth the underlying facts. On May 8, 1989, the defendant and two of his friends severely beat the fifteen-year-

old son of the defendant. At sentencing the court, in addressing the defendant, described the events and stated:

"Gilbert Walbridge, Jr. . . . was pummeled in a manner that this court can find inconceivable. Not only that, you couldn't bother to do it yourself, you had to get a couple of buddies to help you beat your son to a pulp. There is nothing in God's world that can justify what you did to this child."

On May 12, 1989, the defendant was charged with aggravated battery (K.S.A. 21-3414) against his son, Gilbert Walbridge, Jr. On May 30, 1989, defendant signed a tender of guilty plea form which contained a plea agreement to the effect that defendant would plead guilty to attempted aggravated battery and the State would make no recommendations at sentencing. On June 1, 1989, the defendant pled guilty to the reduced charge and was sentenced to two to four years' imprisonment, but then was placed on supervised probation for four years. The probation was subject to most of the conditions contained in K.S.A. 21-4610, and in addition the defendant was ordered to serve four months in the custody of the Sheriff of Cloud County, Kansas, in the county jail. It is this latter condition that is the subject of this appeal.

Defendant makes a number of arguments in support of his contention that the court does not have the authority to require a defendant to serve time in the county jail as a condition of probation in a felony case. We need only consider one of defendant's arguments as we deem it dispositive of the issue before us. It is the position of the defendant that, based upon the applicable statutes, the terms probation and incarceration or confinement are not only mutually exclusive but that the statutory definition of probation precludes confinement in a county jail as a condition of probation.

A determination of the issue before us requires the application and construction of several statutes. K.S.A. 21-4602 defines probation as follows:

"21-4602. Definitions. *As used in K.S.A. 21-4601 through 21-4621, and amendments thereto*:

. . . .

"(3) 'Probation' means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, *without imprisonment*, subject to conditions imposed by the court and subject to the supervision of the probation service of the court." (Emphasis added.)

K.S.A. 1989 Supp. 21-4603 sets forth the dispositions a trial court may utilize when a person has been convicted of a crime. The statute provides in part:

"(2) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

(a) commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

(b) impose the fine applicable to the offense;

(c) *release the defendant on probation subject to such conditions as the court may deem appropriate*, including orders requiring full or partial restitution;

(d) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

(e) assign the defendant to a community correctional services program subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

(f) assign the defendant to a conservation camp for a period not to exceed 180 days;

(g) assign the defendant to a house arrest program pursuant to K.S.A. 21-4603b and amendments thereto; or

(h) impose any appropriate combination of (a), (b), (c), (d), (e), (f), or (g)." (Emphasis added.)

K.S.A. 1989 Supp. 21-4603c, also effective July 1, 1989, omits assignment to a conservation camp and adds the following disposition: "(g) order the defendant to attend and satisfactorily complete an alcohol or drug education or training program as provided by subsection (3) of K.S.A. 21-4502 and amendments thereto."

The court's authority to impose conditions is further detailed in K.S.A. 21-4610, which provides in part:

"(1) Except as required by subsection (4), *nothing in this section shall be construed to limit the authority of the court to impose or modify any general or specific conditions of probation*, suspension of sentence or assignment to a community correctional services program, except that the court shall condition any order granting probation, suspension of sentence or assignment to a community correctional services program on the defendant's obedience of the laws of the United States, the state of Kansas and any other jurisdiction to the laws of which the defendant may be subject.

"(2) The court services officer or community correctional services officer may recommend, and *the court may order, the imposition of any conditions of probation*, suspension of sentence or assignment to a community correctional services program. . . .

*"(3) The court may impose any conditions of probation,* suspension of sentence or assignment to a community correctional services program *that the court deems proper,* including but not limited to requiring that the defendant: [conditions listed]." (Emphasis added.)

Confinement in a county jail is not one of the listed conditions.

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible." *State v. Adee,* 241 Kan. 825, 829, 740 P.2d 611 (1987).

We have consistently recognized that probation is a privilege granted by the sentencing court and that the court has broad power and authority in imposing conditions of probation so long as such conditions do not violate statutory law or constitute an abuse of discretion by the court. In *State v. Starbuck,* 239 Kan. 132, 133, 715 P.2d 1291 (1986), we stated:

"Probation from serving a sentence is an act of grace by the sentencing judge and is granted as a privilege, not as a matter of right. The judge, when granting probation, has broad powers to impose conditions designed to serve the accused and the community."

The Court of Appeals, in affirming the trial court's action, relied upon the broad statutory and inherent powers of the trial court to determine and impose conditions of probation. It also relied upon several cases in which this court has impliedly recognized that a trial court may require a defendant to serve a specified length of time in the county jail as a condition of probation. In doing so, the Court of Appeals seized upon certain broad statements which, under the facts of the cases, did not directly involve the issue now before us. See *State v. Fowler,* 238 Kan. 326, 338, 710 P.2d 1268 (1985); *In re McClane,* 129 Kan. 739, 741, 284 Pac. 365 (1930). Nothing in the cases cited by the Court of Appeals specifically authorized or condoned confinement in the county jail as a condition of probation.

We also recognize that the practice of requiring a defendant to serve time in jail may well be a very appropriate condition of probation if it is within the power of the court to impose such. As stated by the Supreme Court of Nevada, "That a short and

definite term of confinement imposed as a condition of probation may have a substantial rehabilitative effect in certain cases has come to be widely recognized." *Creps v. State*, 94 Nev. 351, 363, 581 P.2d 842, *cert. denied* 439 U.S. 981 (1978). We note further that the learned trial judge in this case was following a practice and procedure which has been used in Kansas for many years. See Bullock, *Decisions, Decisions, Decisions*, 17 Washburn L.J. 26, 26-27 (1977).

Regardless of the reasoning of the Court of Appeals and past practice, we are of the opinion that there is an irreconcilable conflict between the statutory definition of probation and incarceration in the county jail as a condition of that probation. As pointed out earlier, K.S.A. 21-4602(3) defines probation as a procedure under which a defendant is released *"without imprisonment."* There can be no doubt that confinement in a county jail constitutes imprisonment. Black's Law Dictionary 757 (6th ed. 1990).

In *People v. Ledford*, 173 Colo. 194, 477 P.2d 374 (1970), the trial court ordered the defendant to serve 90 days in the county jail as a condition of probation. In rejecting the trial court's authority to impose such a condition, the Colorado Supreme Court stated:

"By its very nature and definition, probation means and signifies liberty under certain imposed conditions. Its basic purpose is to provide a program which offers an offender the opportunity to rehabilitate himself without confinement. This is to be accomplished under the tutelage of a probation officer and under the continuing power of the court to impose a sentence for his original offense in the event he abuses this opportunity and violates the conditions of probation. See the discussion of probation in *Roberts v. United States*, 320 U.S. 264, 64 S. Ct. 113, 88 L. Ed. 41; *Yates v. United States*, 308 F.2d 737.

"When an accused is granted probation, he is also granted his liberty and freedom from confinement in a jail or penitentiary. Unless there is specific statutory authority to the contrary, a trial court may not on the one hand grant probation and on the other hand impose institutional confinement or a jail sentence as a condition of that probation. Trial courts have a wide discretion in imposing certain conditions upon a probationer, but not included within its discretionary power is the authority to impose jail confinement as a condition." 173 Colo. at 196.

K.S.A. 21-4602(3) further provides that the definition of probation shall be applicable to K.S.A. 21-4601 through 21-4621 and

all amendments thereto. We agree with the defendant that the definition of probation as being released "without imprisonment" is mutually exclusive with confinement in a county jail. The specific definitional statute, which must be read as a part of the statutes giving the court its powers of probation, precludes a requirement that a defendant serve time in the county jail as a condition of probation. The Court of Appeals apparently concluded the broad power given the trial court in K.S.A. 21-4610 controlled over the specific definitional language of K.S.A. 21-4602(3), or the term "imprisonment" means confinement in the custody of the Secretary of Corrections. We reach the opposite conclusions. Any reference to probation, and the power to invoke it, in K.S.A. 21-4610 must be read in light of the language in K.S.A. 21-4602(3), which expressly applies to K.S.A. 21-4610. The provision "without imprisonment" is clear and unequivocal. "[W]ords in common usage are to be given their natural and ordinary meaning in arriving at the proper construction of a statute." *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983).

While we recognize the beneficial effect a period of time in the county jail may have upon some defendants, it is for the legislature to provide for such a procedure and not the courts. Having determined that K.S.A. 21-4602 is controlling upon the issue before us, there is no need to consider the defendant's other arguments.

One final determination remains, however. The defendant urges that we hold the condition of jail time to be illegal and continue the defendant's probation on the other terms and conditions which were properly imposed by the trial court. This we will not do. As we said in *State v. Adams*, 218 Kan. 495, 505, 545 P.2d 1134 (1976), "[T]he granting of probation is exclusively a function of the trial court." It is for the trial court to determine whether this defendant, who brutally participated in the beating of his young son, should be placed on probation given the limitation imposed by this opinion.

The judgments of the Court of Appeals and the district court are reversed, and the case is remanded for further proceedings consistent with this opinion.

ABBOTT, J., not participating.