Jon P. Fleenor General Counsel, Kansas Child Death Review Board Kansas Judicial Center Topeka, Kansas 66612
Dear Mr. Fleenor:
As general counsel for and on behalf of the Kansas child death review board, you request our opinion regarding the confidentiality of information received and maintained by the board pursuant to K.S.A. 1992 Supp. 22a-241 et seq. (the act). You indicate that confusion is caused by language in one provision of the act that appears to conflict with other provisions of the act.
K.S.A. 1992 Supp. 22a-243(a) creates the child death review board. One of the purposes of the board is to investigate child deaths that have been identified by the coroner in charge as including any suspicious circumstance or unknown cause. K.S.A. 1992 Supp. 22a-243(d); 22a-244(a); 22a-242(c). Information available to the board when conducting an investigation includes law enforcement investigative information, autopsy records, coroners investigative records, medical records and records of the department of social and rehabilitation services or any other social service agency. K.S.A. 1992 Supp. 22a-244(b). Persons with knowledge relating to the death or the decedent's circumstances may testify before the board. See K.S.A. 1992 Supp.22a-244(h). Regarding confidentiality of information and documentation acquired and maintained by the board during the course of its investigations, K.S.A. 1992 Supp. 22a-243(f) provides in part:
 "Information acquired by, and records of, the state review board shall be confidential, shall not be disclosed and shall not be subject to subpoena, discovery or introduction into evidence in any civil or criminal proceeding, except that such information and records may be disclosed to any member of the legislature or any legislative committee which has legislative responsibility of the enabling or appropriating legislation, carrying out such member's or committee's official functions."
K.S.A. 1992 Supp. 22a-244(c) states:
 "Any books, records or papers received by the board pursuant to [a] subpoena shall be regarded as confidential and privileged information and not subject to disclosure."
Finally, K.S.A. 1992 Supp. 22a-244(g) provides:
 "The state review board may disclose its conclusions regarding a report of a child death but shall not disclose any information received by the board which is not subject to public disclosure by the agency that provided the information to the board."
The language that appears to conflict with the foregoing is in K.S.A. 1992 Supp. 22a-244(h):
 "Information, documents and records otherwise available from other sources are not immune from discovery or use in a civil or criminal action solely because they were presented during proceedings of the state review board. A person who presented information before the board or who is a member of the board shall not be prevented from testifying about matters within the person's knowledge."
You are particularly concerned with the last sentence regarding members of the board being called upon to testify. You ask whether information gathered during the course of a board investigation becomes a matter within the person's knowledge.
We agree that the statutes in question are somewhat ambiguous, and therefore subject to construction. State v. Haug, 237 Kan. 390, 391, 392
(1985) (some ambiguity must exist before construction rules may be utilized). The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. State v. Walbridge, 248 Kan. 65, 68
(1991), citing State v. Adee, 241 Kan. 825, 829 (1987). Legislative intent is to be determined from a general consideration of the entire act of which the provision in question is a part. Id. If possible, effect must be given to all provisions of the act, and different provisions must be reconciled in a way that makes them consistent, harmonious and sensible. Stephan v. Kansas Racing Commission, 246 Kan. 708, 719
(1990).
Applying these rules, it is our opinion that the provision allowing board members to testify as to matters within their knowledge refers to information gathered outside the scope of the board investigation or that would be subject to disclosure but for the board investigation. Pursuant to K.S.A. 1992 Supp. 22a-243, membership of the board is to include a district coroner, two physicians, and one K.B.I. agent. These or other board members may be called upon to testify as to information acquired independently of the board's proceedings and are not precluded from testifying as to those matters. Information acquired by a board member in his or her capacity as a board member during the course of board proceedings is not generally subject to discovery and a board member may not be called upon to testify as to that information. This interpretation gives effect to all the statutory provisions and we believe effectuates legislative intent to preserve the confidentiality of information acquired by the board during its investigations.
In conclusion, members of the child death review board are precluded from testifying as to confidential information acquired by the board during the course of its investigatory proceedings. A member can testify about matters within the member's knowledge acquired outside the scope of those proceedings.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm