(854 P.2d 318)

No. 68,457

STATE OF KANSAS, *Appellee,* v. TRENTON L. KOHLMAN, *Appellant.*

Opinion filed June 18, 1993.

*Cortland E. Berry,* of Cortland E. Berry Legal Clinic, of Reading, for appellant.

*W. Lee Fowler,* deputy county attorney, *Howard L. Collett,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before ROYSE, P.J., GERNON, J., and THEODORE B. ICE, District Judge, assigned.

ICE, J.: Trenton L. Kohlman appeals the trial court's denial of his motion to withdraw his nolo contendere plea to two counts of theft of telecommunication services, K.S.A. 21-3745. Kohlman claims the trial court abused its discretion in refusing to permit him to withdraw his plea of nolo contendere.

We have reviewed the record on appeal and conclude the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea.

In the alternative, Kohlman appeals the terms and conditions imposed in his probation. He argues that the trial court exceeded its statutory authority and/or abused its discretion in imposing certain conditions in his probation.

The order of probation granted by the court in the instant case required as a condition of the probation that the defendant serve at least three consecutive periods of not less than 48 hours each in jail, with the incarceration to be served within 30 days from the date of hearing. The defendant objects to this condition of his probation order.

The Kansas Supreme Court in *State v. Walbridge,* 248 Kan. 65, 70, 805 P.2d 15 (1991), held that the specific definitional

statute, K.S.A. 1991 Supp. 21-4602(3) precludes any requirement that a defendant serve time in the county jail as a condition of probation from a felony conviction.

K.S.A. 1992 Supp. 21-4602 defines terms used throughout K.S.A. 21-4601 through 21-4621, the cited sections being the sentencing statutes for both felonies and misdemeanors.

Prompted by *Walbridge*, the 1991 Kansas Legislature amended 21-4602(3) by adding an exception for felony cases to allow the sentencing court to include confinement in a county jail not to exceed 60 days as a condition of probation. The amendment, however, relates only to felony cases and does not mention misdemeanor cases.

The holding in the *Walbridge* case is still effective as to probations granted in misdemeanor cases since the definition of probation under K.S.A. 1992 Supp. 21-4602(3) remains as follows:

" 'Probation' means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, *without imprisonment* except as provided in felony cases . . . ." (Emphasis added.)

The only exception is now for felony cases. The reasoning in *Walbridge* remains valid as to misdemeanor probations and, therefore, imprisonment as a condition of probation for a misdemeanor conviction is still precluded by the statutes.

Since the terms of Kohlman's probation violate statutory law, the sentence must be vacated and the case must be remanded to the district court.

Defendant objects to numerous other requirements in the probation order. Excluding the condition that the defendant spend a certain time in jail as a condition of the probation from his misdemeanor conviction, the record reveals that the court had a reasonable basis for imposing the terms and conditions contained in the defendant's order of probation and these requirements do not constitute an abuse of discretion. "Probation from serving a sentence is an act of grace by the sentencing judge and is granted as a privilege, not as a matter of right. The judge, when granting probation, has broad powers to impose conditions designed to serve the accused and the community." *State v. Starbuck*, 239 Kan. 132, 133, 715 P.2d 1291 (1986).

The judgment denying defendant's motion for withdrawal of his plea is affirmed. The case is remanded to the trial court for further proceedings consistent with this opinion. It is for the trial court, on remand, to determine whether the defendant should be placed on probation given the limitations imposed by this opinion.

Affirmed in part, vacated in part, and remanded.