(19 P.3d 179)

No. 81,964

STATE OF KANSAS, *Appellee*, v. MICHAEL A. CALHOUN, *Appellant*.

Opinion filed March 3, 2000.

*Elizabeth Seale Cateforis*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before ELLIOTT, P.J., LEWIS, J., and PADDOCK, S.J.

LEWIS, J.: Defendant Michael A. Calhoun was convicted of possession of cocaine. He was granted probation but was required to spend 21 days in jail as a condition of that probation. Among other financial requirements imposed, he was ordered to "reimburse the

Sedgwick County taxpayers $250 for [defendant's] jail time." This is a direct appeal from his conviction and sentence.

Defendant was initially caught in a radar trap for exceeding the speed limit. During the course of the ensuing traffic stop, his actions got him into a lot more trouble.

The arresting officer testified that during the course of the stop, defendant was "messing with his right hand, reaching toward the center of the vehicle." In addition, defendant had no driver's license or other identification. He gave the police officer several false names, which the officer could not verify, nor could the officers verify the ownership of the vehicle.

Finally, unable to determine defendant's identity or the ownership of the vehicle, the police officer ordered defendant and his passenger out of the car. He then initiated a weapons pat-down. During the process of this pat-down, a bag of cocaine fell from defendant's right pant leg.

Defendant argues the trial court erred in denying his motion to quash arrest, statement, and search. We disagree.

The trial court found the stop was valid and the search was valid because the officer "legitimately was concerned with two things, search for potential identity and search for weapons." In *State v. Kimberlin*, 267 Kan. 659, 661-62, 984 P.2d 141 (1999), the Supreme Court said:

"If the findings of the trial court on a motion to suppress evidence are based on substantial evidence, the appellate court will not substitute its view of the evidence for that of the trial court. When reviewing a trial court's suppression of evidence, the appellate court normally gives great deference to the factual findings of the trial court. However, the ultimate determination of the suppression of evidence is a legal question requiring independent appellate determination."

We have reviewed the record and hold that substantial competent evidence supports the trial court's findings that the stop was valid and that the search of defendant was done out of a legitimate concern for officer safety and in connection with an effort to ascertain defendant's identity.

The trial court did not err in denying defendant's motion. The search was legal, and the evidence was admissible.

In addition, the trial court found the evidence would have inevitably been discovered. When defendant's true identity was discovered, a warrant for his arrest was also discovered. Defendant's conduct had guaranteed he was going to be arrested, either because he had failed to disclose his identity to the officer or because the disclosure of his proper identity would have shown that he was wanted on an outstanding warrant. If he had been arrested, the booking process inevitably would have revealed the presence of cocaine. We agree with the trial court that the inevitable discovery rule would also apply in support of this search. See *State v. Brown*, 245 Kan. 604, 611, 783 P.2d 1278 (1989).

Defendant also argues the trial court erred in ordering him to reimburse the Sedgwick County taxpayers $250 for his jail time.

We disagree.

"K.S.A. 21-4610 authorizes the trial court to set conditions of probation and sets out a nonexclusive list of conditions the court may include. The trial court has broad powers to impose probation conditions designed to serve the accused and the community. *State v. Starbuck*, 239 Kan. 132, 133, 715 P.2d 1291 (1986). Setting the conditions of probation *lies within the sound discretion of the trial court. State v. Hargis*, 5 Kan. App. 2d 608, 611, 620 P.2d 1181 (1980), *rev. denied* 229 Kan. 671 (1981).

"There are, however, limitations on probation conditions that infringe on constitutionally protected rights." (Emphasis added.) *State v. Mosburg*, 13 Kan. App. 2d 257, 258, 768 P.2d 313 (1989).

We conclude that requiring defendant to reimburse the Sedgwick County taxpayers $250 was well within the trial court's discretion. The discretion of a trial court is abused only when no reasonable person would take the view adopted by the trial court. *State v. Davidson*, 264 Kan. 44, 56, 954 P.2d 702 (1998). We cannot say that no reasonable person would have taken the view adopted by the trial court in this case.

We point out that in this case, defendant argues neither an abuse of discretion on the part of the trial court nor an infringement on a constitutionally protected right.

Defendant apparently rests his argument on the fact that the trial court lacked the authority to make the payment of $250 a condition of probation. We disagree.

We hold the trial court's imposition of this cost was not an abuse of discretion and that it was within the authority of the trial court as granted by K.S.A. 1999 Supp. 21-4610. We point out, however, that prior to revoking defendant's probation for failure to pay the $250 assessment, "the court must consider whether defendant has the means to pay." *State v. Dean*, 12 Kan. App. 2d 321, 327, 743 P.2d 98, *rev. denied* 242 Kan. 904 (1987).

Affirmed.