NOT DESIGNATED FOR PUBLICATION

No. 116,027

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN KEITH WALLS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed June 23, 2017.
Sentence vacated and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Joseph M. Penney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and STANDRIDGE, JJ.

*Per Curiam*: Keith John Walls asserts two claims of error on appeal: (1) that the district court abused its discretion by refusing him access to his Level of Service Inventory-Revised (LSI-R) assessment, which the court relied on in deciding the conditions of probation to impose on him; and (2) that the district court deprived him of his constitutional right to due process of the law by refusing him access to his LSI-R assessment, which the court relied on in deciding the conditions of probation to impose on him. For the reasons stated below, we vacate the sentence and remand the case for resentencing with directions to allow Walls access to the complete diagnostic LSI-R assessment and report that was administered to him prior to resentencing.

1

Walls pled no contest to criminal threat, in violation of K.S.A. 2016 Supp. 21-5415(a)(1), a severity level 9 person felony. Walls' criminal-history score of "H" made his presumptive sentence for the crime a probation sentence. At sentencing, the LSI-R assessment conducted in conjunction with Walls' presentence investigation indicated that Walls was a high-risk, high-needs probation candidate. Based on this assessment, the court could consider ordering Walls' probation be supervised by community corrections instead of court services. See 2016 Supp. K.S.A. 75-5291(a)(2)(A) (court shall limit "placement of offenders in a community correctional services program" to adult felony offenders who "are determined to be moderate risk, high risk or very high risk by [the LSI-R] assessment tool").

In opposition to supervision by community corrections, Walls argued that the facts in the presentence investigation report established he was not a high-risk, high-needs probation candidate as he had no violent criminal history, no alcoholism or drug problem, and previously had committed only nonviolent misdemeanor offenses. Through his attorney, Walls asked to review a copy of the completed LSI-R administered to him. In response, Walls was provided a copy of the cover page of his LSI-R assessment report. Arguing that the cover page only reflected numeric scores under generalized areas, Walls' attorney requested to review a copy of the entire LSI-R administered to Walls, including the questions asked/issues assessed, the answers provided/responses reported, and the numeric score assigned to the question or issue. In support of this request, counsel relied on K.S.A. 2016 Supp. 21-6704(a)(1), which requires the court to make available the presentence report and any other diagnostic reports to counsel for the defendant. The State opposed Walls' request, arguing the LSI-R assessment is not a diagnostic report as that term is used under K.S.A. 2016 Supp. 21-6704(a)(1), and even if it was, counsel for Walls was entitled only to his LSI-R assessment cover sheet reflecting a numeric score assigned to general topics.

After hearing arguments from counsel, the district court found diagnosis is a medical term so only a medical provider can administer a diagnostic assessment and create a diagnostic report; a court services officer does not have the credentials to do so. Because it was not administered or created by a medical provider, the court held the complete LSI-R assessment report—the questions asked/issues assessed, the answers provided/responses reported, and the numeric score assigned to the question or issue— was not a diagnostic report and, therefore, it was not required to make it available to Walls' counsel under K.S.A. 2016 Supp. 21-6704.

The court sentenced Walls to a sentence of presumptive probation with an underlying 7-month prison sentence to be followed by 12 months' postrelease supervision. Because the results of the LSI-R assessment indicated that Walls was a high-risk, high-needs probation candidate, however, the court ordered Walls' probation be supervised by community corrections instead of court services. See K.S.A. 2016 Supp. 75-5291(a)(2)(A).

JURISDICTION

The right to appeal is entirely statutory, and the limits of appellate jurisdiction are defined by the legislature. *State v. Berreth*, 294 Kan. 98, 110, 273 P.3d 752 (2012). K.S.A. 2016 Supp. 21-6820(c) provides that an appellate court shall not review a sentence for a felony conviction that is (1) within the presumptive guidelines sentence for the crime, or (2) the result of a plea agreement between the State and the defendant which the trial court approved on the record. See also *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) (no jurisdiction to review presumptive sentences). Given his criminal-history score and the severity level of the crime of conviction, Walls' presumptive sentence was probation. In addition, Walls' sentence was the result of a plea agreement between the State and the defendant which the trial court approved on the record. Thus, the first question presented for us to resolve is whether we have jurisdiction over the

3

issues raised by Walls in this appeal. See *State v. Richard*, 300 Kan. 715, 728, 333 P.3d 179 (2014) (appellate court has duty to question jurisdiction on its own initiative). Determining whether an appellate court has jurisdiction raises a question of law over which the scope of appellate review is unlimited. *State v. Brown*, 299 Kan. 1021, 1027, 327 P.3d 1002 (2014).

But Walls is not challenging the district court's decision to impose the presumptive sentence of probation. Instead, Walls is challenging the procedure used by the court in deciding what conditions of probation to impose upon him. Specifically, Walls argues he has a statutory and constitutional right to review and verify the questions, answers, and scoring decisions contained in the LSI-R assessment report that deemed him a high-risk, high-needs probation candidate that, in turn, permitted the court to impose probation supervised by community corrections under K.S.A. 2016 Supp. 75-5291(a)(2)(A).

Our Supreme Court has held that courts have broad power and authority to impose conditions of probation so long as those conditions do not violate statutory law or constitute an abuse of discretion by the court. See *State v. Walbridge*, 248 Kan. 65, 68, 805 P.2d 15 (1991). Our Supreme Court also has held that a convicted defendant has a constitutional right to due process at sentencing, which requires "the sentencing court to assure itself that the information upon which it relies to fix sentence is reliable and accurate, and [further requires] the sentencing court to ensure that the defendant have an effective opportunity to rebut the allegations likely to affect the sentence is fully applicable under these circumstances." *State v. Easterling*, 289 Kan. 470, 481, 213 P.3d 418 (2009); see also *State v. Garza*, 290 Kan. 1021, 1034-35, 236 P.3d 501 (2010). Thus, when the district court imposes a condition of probation that violates statutory law or the district court makes a decision about sentencing based on information the defendant has not reviewed for accuracy, the appeal is not construed as a challenge to a presumptive sentence for purposes of precluding appellate review under K.S.A. 2016 Supp. 21-6820(c). Because Walls' appeal is grounded in his constitutional and statutory right to

4

review and verify the questions, answers, and scoring decisions contained in the LSI-R assessment report, the resulting score of which permitted the court to impose probation supervised by community corrections under K.S.A. 2016 Supp. 75-5291(a)(2)(A), we have jurisdiction over the issues he raises.

DISCUSSION

*Statutory Interpretation*

Walls argues the district court erred as a matter of law by refusing his attorney's request to review a copy of the entire LSI-R administered to Walls, including the questions asked/issues assessed, the answers provided/responses reported, and the numeric score assigned to the question or issue. Specifically, Walls argues the district court was required to make the entire LSI-R assessment available to defense counsel under K.S.A. 2016 Supp. 21-6704(a)(1). This subsection of the statute provides:

> "The judge shall make available to the attorney for the state or counsel for the defendant, the presentence report, any report that may be received from the Topeka correctional facility or the state security hospital and other diagnostic reports and shall allow the attorney or counsel a reasonable time to review the report before sentencing the defendant."

But the district court concluded that the LSI-R assessment was not subject to availability under K.S.A. 2016 Supp. 21-6704(a)(1) because the term "diagnostic" as used in the statute referred to a medical report and the preparer of the LSI-R was a court services officer, not a medical professional. Our question, then, is one of statutory interpretation. Statutory interpretation involves questions of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind

5

that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 303 Kan. at 813. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 303 Kan. at 813.

*Clear and Unambiguous*

The clear language of the statute required the court to make the LSI-R assessment available to counsel under the facts presented in this case. More specifically, the language in the statute plainly requires the judge to make the presentence investigation report available to counsel for both parties, and—applying Kansas Supreme Court Rule 110B (2017 Kan. S. Ct. R. 182) to the facts of this case—the LSI-R assessment is part and parcel of the presentence investigation report here. Rule 110B was adopted by order of our Supreme Court on June 26, 2014, and implemented the LSI-R as "the standardized risk and needs assessment tool specified by the Kansas sentencing commission in accordance with K.S.A. 75-5291(a)(2) to determine placement under supervision in Kansas." Rule 110B(a) (2017 Kan. S. Ct. R. 182). With limited exception, judicial branch court services officers must complete the LSI-R assessment of an offender subject to probation either "as a component of the presentence investigation" or "no later than 45 days after the offender is placed on probation." Rule 110B(c) (2017 Kan. S. Ct. R. 182).

The record in this case reflects that the LSI-R assessment of Walls was conducted before he was sentenced; thus, it had to have been completed "as a component of the presentence investigation." As such, the plain language of K.S.A. 2016 Supp. 21-6704(a)(1) required the court to make available to counsel the presentence investigation report, of which the entire LSI-R administered to Walls was a component. In the absence of any language to the contrary, the LSI-R assessment subject to review by counsel necessarily encompasses the completed assessment in its entirety, including the questions

6

asked/issues assessed, the answers provided/responses reported, and the numeric score assigned to the question or issue. We note that no proprietary material was requested by Walls or his counsel and therefore proprietary materials will specifically be excluded from the mandate issued in conjunction with our remand for resentencing. But the court's failure to make the LSI-R assessment administered to Walls—including any written questions, answers, and numeric scores—for counsel to review was legal error and, therefore, constitutes an abuse of discretion. See *Walbridge*, 248 Kan. at 68 (courts have broad power and authority to impose conditions of probation so long as those conditions do not violate statutory law or constitute an abuse of discretion by the court.)

*Ambiguity: Invoking Rules of Statutory Construction*

Even if the plain and unambiguous language of the statute did not require it, any ambiguity regarding whether the legislature intended the LSI-R assessment report to qualify as a "diagnostic report" would be resolved in favor of making the report available to counsel. When the language in a statute is subject to various interpretations, a court may invoke rules of statutory construction to arrive at legislative intent. *Barlow*, 303 Kan. at 813. The rule of *ejusdem generis* (of the same kind) is a well-known rule of statutory construction to determine the meaning of ambiguous language in a statute or other written instrument. "Under this maxim, where enumeration of specific things is followed by a more general word or phrase, such general word or phrase is held to refer to things of the same kind, or things that fall within the classification of the specific terms." *State v. Moler*, 269 Kan. 362, 363, 2 P.3d 773 (2000).

The relevant portion of K.S.A. 2016 Supp. 21-6704(a)(1) requires the judge to make available "the presentence report, any report that may be received from the Topeka correctional facility or the state security hospital and other diagnostic reports." The first three reports enumerated in the statute are specific: the presentence report, the Topeka correctional facility report, and the state security hospital report. But the last report enumerated in the statute is stated generally: "other diagnostic reports." Applying the rule

7

of *ejusdem generis*, "other diagnostic reports" as used in the statute refers to reports that fall into the same classification as the specific reports that precede that term; *e.g*., the presentence report, reports from the Topeka correctional facility, and the state security hospital. This classification is consistent with our finding under the facts of this case that the LSI-R assessment was a component of the presentence investigation report under Rule 110B(a). This classification is not consistent, however, with the district court's finding that the term "diagnostic reports" as used in the statute refers solely to medical diagnostic reports. So even if it were necessary to resort to statutory construction, the court's failure to make the LSI-R assessment available for counsel to review was legal error and, therefore, constitutes an abuse of discretion.

*Procedural Due Process*

In addition to legal error and an abuse of discretion based on misapplication of the statute, we also find the court's failure to give counsel a copy of the entire LSI-R deprived Walls of his right to procedural due process in the sentencing phase of his criminal proceedings. Under K.S.A. 2016 Supp. 75-5291(a)(2)(A), the district court was not permitted to order Walls' probation be supervised by a community correctional services program unless Walls scored as a moderate risk, high risk, or very high risk for failure on probation by the LSI-R assessment tool. K.S.A. 2016 Supp. 75-5291(a)(2)(A). Based on the plain language of the statute, the district court was required to rely on the LSI-R to determine the conditions of probation. But Walls was denied access to the LSI-R, which necessarily denied him the opportunity to challenge the accuracy of the information upon which the court was *required* to rely in determining the conditions of his probation. We find the district court's decision to deny Walls access to the LSI-R violated his right to procedural due process. See *Easterling*, 289 Kan. at 481 (for purposes of due process, the sentencing court is required "to assure itself that the information upon which it relies to fix sentence is reliable and accurate, and . . . to ensure that the defendant ha[s] an

8

effective opportunity to rebut the allegations likely to affect the sentence"); see also *Garza*, 290 Kan. at 1034-35 (same).

Sentence vacated and remanded with directions to allow Walls access to the complete diagnostic LSI-R assessment and report that was administered to him prior to resentencing.

Sentence vacated and remanded with directions.