THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOYCE ECKHARDT, Defendant-Appellant.

Second District   No. 2—83—0538

Opinion filed June 13, 1984.—Rehearing denied July 20, 1984.

G. Joseph Weller and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

T. Jordan Gallagher, State's Attorney, of Sycamore (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

After a jury trial at which defendant raised the defense of insanity, she was convicted of the murder of her husband and subsequently sentenced to a term of 20 years' imprisonment. The central issue in the case was whether the defendant was insane at the time she shot and killed her husband. The sanity issue was heatedly contested.

Defendant has raised a number of issues which were not properly preserved for review on appeal and which, after careful consideration, we do not find merit review under the plain error rule (87 Ill. 2d R. 615(a)). Defendant also claims error arising from a comment by the prosecutor in his closing argument that finding defendant insane would be giving her a "pass." The prosecutor's comment could be considered improper because it implied that the defendant would be unconditionally released if found innocent by reason of insanity. However, the court sustained an objection to the remark, and it was not so seriously prejudicial as to deprive defendant of a fair trial (see *People v. Brown* (1982), 104 Ill. App. 3d 1110, 1120-21).

We do find merit, however, in the contention of defendant that the State misstated the law on insanity in rebuttal argument and thereby deprived defendant of a fair trial. Defendant first points to statements by the prosecutor to the effect that to be delusional on the night of the offense would require "handcuffs," the "straight jacket," and the "looney bin." The prosecutor also made the following statement in his rebuttal argument:

"Mr. Mays came up with a new theory. You've all heard of temporary insanity. Well, you heard from him, instant insanity. The insanity started at the time that she quit conforming her conduct to the requirements of the law, right after she turned off the gas. And within five minutes after she'd taken the gun and killed him, she could conform again. She was legally insane, under his theory, for less than five minutes. That's not even temporary insanity.

And, ladies and gentlemen, I would submit to you under the laws of the State of Illinois you have to have a mental disease, a continuing mental disease, that causes you to lack the ability, the substantial ability, to appreciate the criminality of your conduct, or to conform your conduct to the requirements of the law. Not for an instant. Not for five minutes. But it's a continuing thing.

If you can't conform your conduct to the requirements of the law, you're going to be running around violating all kinds of law until somebody gets you and locks you up in a looney bin."

As defendant maintains, this is a misstatement of the law as to the definition of insanity. Section 6—2 of the Criminal Code of 1961 provides in relevant part as follows:

> "Insanity. (a) A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law." (Ill. Rev. Stat. 1981, ch. 38, par. 6—2(a).)

The insanity defense does not require the type of uncontrollable behavior as a continuing condition suggested by the prosecutor's comments.

It is well established that a prosecutor's misstatement of the law in closing argument can be grounds for reversal and that included in this restriction are statements that, in effect, distort the burden of proof by suggesting incorrectly what the jury must find in order to reach a certain verdict. (*People v. Crossno* (1981), 93 Ill. App. 3d 808, 821.) In some cases, considering the circumstances surrounding the misstatement of the law, it may be deemed harmless error. (*E.g., People v. Duckworth* (1981), 98 Ill. App. 3d 1034, 1039.) In other cases, a serious misstatement of the law may require reversal under the circumstances of the case, including the closeness of evidence, even where, as here, defendant failed to object. (*E.g., People v. Johnson* (1981), 102 Ill. App. 3d 122, 128-29; *People v. Crossno* (1981), 93 Ill. App. 3d 808, 824.) In fact, defense counsel's failure to object to this misstatement of the law in the present case could well have contributed to the magnitude of error by leaving the jury with the impression that the prosecutor's comments concerning the law of Illinois on the insanity defense were correct.

On the other hand, the jury was told prior to the commencement of *voir dire* that they must follow the instructions as to the law of the case that the judge would give. At the conclusion of the case, they were instructed by the judge that closing arguments are not evidence, they were given the proper definitional instruction on insanity, and they were instructed that the State had to prove defendant sane at the time of the offense. In the prosecutor's rebuttal argument, he referred several times to the fact that defendant's sanity at the time of the offense was at issue, and the evidence presented at trial, including the opinions of both lay and expert witnesses, focused on defendant's sanity at the critical moment.

Nevertheless, as defendant argues, the evidence did not overwhelmingly demonstrate that she was sane at the time the offense

was committed. There was lay and expert testimony on both sides of the issue. Further, defendant's sanity at the time of the offense was, to a great extent, inferred from her behavior before and after the event. The prosecutor's misstatement of the law directly related to defendant's behavior, and, though the jury was informed that sanity at the time of the offense was the critical issue, the improper State comments could very well have misled the jury in making the necessary inferences as to her sanity at the time of the offense based on her behavior. That is to say the jury may have believed that inability to conform her conduct to the requirements of the law at the time of the offense had to be part of an inability to do so in a period extending beyond that of the actual commission of the offense and may have considered that if defendant was not behaving as the prosecutor had described and was not suffering from a mental disease of a continuing nature that had manifested itself in other criminal or antisocial acts, then she was not insane at the time of the offense.

In determining whether a prosecuting attorney's argument to a jury is prejudicial, reference must be made to the context of the language, its relation to the evidence and the effect of the argument on the rights of the accused to a fair and impartial trial. (*People v. Smith* (1972), 6 Ill. App. 3d 259, 263.) We cannot say that the jury here would not have reached a different verdict without the prosecutor's misstatement of the law of Illinois regarding the insanity defense. Our supreme court has held that errors not properly preserved for review may be considered where the evidence is closely balanced or if the error is of such a magnitude that the accused is denied a fair and impartial trial. (*People v. Szabo* (1983), 94 Ill. 2d 327, 354-55.) In this case there was substantial evidence on both sides of the insanity issue. The prosecutor's statements constituted error that affected defendant's substantial rights and are considered in this appeal under the "plain error" rule. (87 Ill. 2d R. 615(a); see *People v. Crossno* (1981), 93 Ill. App. 3d 808, 824.) For the same reason, the error cannot be ruled harmless on the record. 93 Ill. App. 3d 808, 825.

For the reasons stated herein, the trial court judgment is reversed, and the cause is remanded for a new trial.

Reversed and remanded for a new trial.

SEIDENFELD, P.J., and REINHARD, J., concur.