THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WESLEY C. DENNY, Defendant-Appellant.

Second District   No. 2—90—0721

Opinion filed November 5, 1991.

Randall K. Erler, of Oakbrook Terrace, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

After a bench trial, defendant, Wesley C. Denny, was convicted of battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—3) and placed under one year's court supervision. On appeal, defendant argues that his conviction must be reversed because the State failed to prove beyond a reasonable doubt that his actions were not justified as self-defense (Ill. Rev. Stat. 1989, ch. 38, par. 7—1). We reverse and remand.

On Friday, July 14, 1989, at about 5:30 p.m., defendant visited his former wife, Gretchen Denny (Gretchen), at her home in Naperville. The two became embroiled in a heated argument over custody of their four-year-old child, Laura, who was also present. On Monday, July 17, 1989, Gretchen spoke to Naperville police officer Timothy Jordan at the Naperville police station. After listening to Gretchen's version of her encounter with defendant, Officer Jordan signed a criminal complaint charging defendant with battery. The complaint alleged in part that defendant "grabbed her arm and pushed her onto the floor."

At trial, Gretchen testified that on the evening of July 14 defendant came by her house to pick up Laura. The two parents started to argue over defendant's custody rights. Both became angry, and at one point defendant called Gretchen a "slut." Gretchen was holding Laura against her hip with her left arm. Gretchen started to wave a hairbrush with her right hand at defendant's face from about a foot away. Defendant told her to stop waving the brush at him, but she persisted. Without Gretchen's consent, defendant then grabbed her right wrist firmly but without causing pain and took the brush out of her hand. In so doing, defendant twisted Gretchen's arm up and back over her shoulder, causing her to lose her balance and fall about a foot onto a nearby couch.

Defendant tossed the brush onto the floor. The argument ended there, and the two went over to the home of Gretchen's parents.

Gretchen testified that she received a single bruise, between her wrist and her elbow, from the incident. She denied receiving a bruise near her right thumb and index finger. Gretchen was sure that she told Officer Jordan about the hairbrush even though nothing to that effect was in Officer Jordan's police report. She also stated that the report's statement that defendant pushed her was inaccurate.

Officer Jordan testified that on Monday, July 17, 1989, Gretchen told him at the police station that on Friday she had a disagreement with defendant in which defendant grabbed her and pushed her to the floor. While interviewing Gretchen, Officer Jordan noticed a fairly large bruise on her right arm between the elbow and wrist and a greenish bruise near the right wrist and thumb. She told him that both bruises resulted from defendant grabbing her. She also told Officer Jordan that her buttocks were sore as a result of defendant's pushing her onto the floor. Officer Jordan did not recall Gretchen mentioning a hairbrush. After he told her that defendant would be charged with battery, Gretchen became hesitant to pursue the matter. She did not ask that defendant be charged and did not sign a complaint.

Defendant testified that on the evening of July 14 he arrived at Gretchen's house to pick up Laura for the weekend. He and Gretchen started to argue heatedly about visitation on some later date. Gretchen, who was holding Laura on her hip with her left hand, started waving a hairbrush with her right hand at defendant's face from about six inches away. Fearing the brush might hit him, defendant asked Gretchen to stop. When she persisted, he reached out, grabbed her wrist with one hand, took the brush from her with his other hand, and tossed the brush to the floor. He did not push Gretchen; rather, she stepped back against the couch and sat down on it. Defendant allowed that after he took the brush, Gretchen was probably off-balance as she stepped back toward the couch.

The trial judge found defendant guilty of battery and did *not* rule on defendant's argument that his actions were justified by the need to defend himself against the danger of his former wife striking him with the hairbrush. The judge emphasized the discrepancies between Gretchen's testimony and what she earlier told Officer Jordan. He believed she had committed perjury because she did not want to "get someone in trouble." Specifically, the judge found that the hairbrush was *not* part of the incident, as Gretchen had not

mentioned it at all to Officer Jordan. The judge reiterated these conclusions in denying defendant's post-trial motion.

■■ ■ Where the evidence is sufficient to raise the issue, the State must prove beyond a reasonable doubt that the defendant's actions were not justified as self-defense. (*People v. Tirrell* (1980), 87 Ill. App. 3d 511, 517.) When considering a challenge to the sufficiency of the evidence, we are not to retry the defendant. (*People v. Steidl* (1991), 142 Ill. 2d 204, 226.) Rather, we must decide whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261.) Under this standard, the fact finder and not the reviewing court is primarily responsible for determining the witnesses' credibility, the weight to be given their testimony, and the reasonable inferences to be drawn from the evidence. *Steidl*, 142 Ill. 2d at 226.

■■ Whether a defendant's actions constituted justifiable self-defense is a question for the fact finder. (*People v. Cochran* (1989), 178 Ill. App. 3d 728, 738.) As relevant here, self-defense is a justification for the use of force against another when and to the extent a defendant reasonably believes that it is necessary to defend himself against another's imminent use of unlawful force. (Ill. Rev. Stat. 1989, ch. 38, par. 7–1.) Self-defense therefore consists of six elements: (1) force is threatened against a person; (2) that person is not the aggressor; (3) the danger of harm is imminent; (4) the force threatened is unlawful; (5) the person threatened actually believes that (a) danger exists, (b) the use of force is necessary to avert the danger and (c) the kind and amount of the force that he uses are necessary; and (6) these beliefs are reasonable. *Cochran*, 178 Ill. App. 3d at 737; *People v. Christiansen* (1981), 96 Ill. App. 3d 540, 542-43.

Defendant asserts that the evidence was insufficient to negate his claim of self-defense. Defendant's brief appears to argue that the trial judge erred in rejecting the account of events that both he and the complaining witness set forth in their testimony. Defendant urges that this account shows that he did only what was necessary to protect himself against Gretchen's aggressive behavior. We agree in part.

■■ ■ Here the complaining witness allegedly gave two different versions of defendant's behavior. Her testimony under oath established the existence of a viable self-defense regarding the hairbrush. Her prior inconsistent statement, which was related to the

court through the testimony of Officer Jordan and which was hearsay, did not. The court, in determining that self-defense was not a viable issue, considered the hearsay/prior inconsistent statement as substantive evidence. The court committed reversible error when it considered Gretchen's prior inconsistent statement as substantive evidence. Section 115—10.1 sets forth the criteria by which hearsay may be admitted for substantive purposes. (Ill. Rev. Stat. 1989, ch. 38, par. 115—10.1.) In order to be substantively admissible the statement had to be, *inter alia*:

> "(1) *** made under oath at a trial, hearing, or other proceeding, or
>
> (2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, *and*
>
> (A) the statement is proved to have been written or signed by the witness, or
>
> (B) the witness acknowledged under oath the making of the statement either in his testimony at the hearing or trial in which the admission into evidence of the prior statement is being sought, or at a trial, hearing, or other proceeding, or
>
> (C) the statement is proved to have been accurately recorded by a tape recorder, videotape recording, or any other similar electronic means of sound recording." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 115—10.1.)

Gretchen's prior inconsistent statement met the first two criteria set forth in section 115—10.1 but did not meet the criteria immediately above. Her prior statement was not under oath, nor was it written or signed by her. She did not acknowledge the making of the statement as testified to by Officer Jordan, nor was her statement accurately recorded by audio or videotape or other similar electronic means of sound recording. The trial court's determination that the hairbrush did not exist and there was no viable self-defense was not supported by substantive evidence. The only substantive evidence of record established the existence of the hairbrush and its "use" by Gretchen.

The trial judge did not have the prerogative to decide which or how much of Gretchen's account to believe. The evidence presented at trial raised material issues of fact regarding the affirmative defense raised by defendant. The trial court failed to consider these issues of fact and to determine the merit of defendant's affirmative defense.

We believe there was sufficient evidence presented that a trier of fact could have found defendant guilty beyond a reasonable doubt, even considering the merits of the affirmative defense. Therefore, double jeopardy did not attach, and the matter is remanded for a retrial before a different judge.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for retrial before a different judge.

Reversed and remanded.

GEIGER and NICKELS, JJ., concur.