THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHRISTOPHER P. SULLIVAN, Defendant-Appellant.

Second District   No. 2—90—0446

Opinion filed September 10, 1992.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Daniel J. Walsh, of Johnson, Frank, Frederick & Walsh, of Urbana (William L. Browers and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Christopher Sullivan, appeals from his convictions of two counts of battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—3(a)(1)), for which he was sentenced to one year's probation conditioned on participation in the Du Page County domestic violence program. In count I, he was charged with pushing Margaret Sullivan. In count II, he was charged with grabbing Thomas Sullivan and pushing him to the ground. Defendant raises three issues on appeal: (1) that the trial court abused its discretion in denying him a continuance to secure legal counsel; (2) that he was not proved guilty beyond a reasonable doubt on count I because the only evidence supporting his conviction was inadmissible hearsay; and (3) that he was not proved guilty beyond a reasonable doubt on count II.

The complaints alleged defendant committed the batteries on January 7, 1990. During the February 9, 1990, arraignment, the trial court suggested to defendant that he obtain the assistance of counsel. On April 17, 1990, at 10 a.m., defendant appeared before the court on the trial date. He introduced Thomas Sullivan and Margaret Sullivan, the alleged victims, as his father and mother. The record contains a subpoena requiring their presence. The Sullivan parents told the court that they wanted to drop the charges. The court explained it had no control over the charges and only the State's Attorney could drop them. Defendant stated that his lawyer told him that the charges would be dropped. Thomas Sullivan stated that an unidentified assistant State's Attorney told him that the charges could be dropped only in court. The trial court told them to return at 1:30 p.m.

At 1:30, defendant entered a plea of not guilty. He requested the court to pass the cause because he needed his attorney to represent him. Defendant said he had not had a chance to talk to his attorney, but the court told him he had had since February. The court said it would give him half an hour to talk to an attorney while the court finished the docket call. The court absolutely refused to grant a continuance.

After the break, the court commenced the trial. Defendant represented himself. The State called Thomas Sullivan as its first witness. He testified that he and his son were home on the evening of January 7, but he could not recall the specifics of the events. He called the police after arguing with defendant concerning his drinking. Thomas Sullivan wanted defendant to leave, but he refused. When the police officer arrived, Thomas signed a complaint that said defendant grabbed and pushed him to the ground. Thomas said he might have signed it but denied that the event happened. Thomas Sullivan acknowledged that he signed the complaint, which is part of the record, under oath. He stated that he had lied under oath when he signed the complaint. He acknowledged that he probably remembered the events more clearly the night they happened. On cross-examination, Thomas Sullivan denied that defendant touched him.

Margaret Sullivan testified that she did not join in the argument but swept the kitchen floor instead. After defendant left, there was a broken beer bottle on the floor. She testified that defendant left when Thomas threatened to call the police. She denied that she told the police officer that defendant pushed her in the chest because defendant had not pushed her in the chest. She stated that it was not possible for her to have told the officer that defendant pushed her.

David Bormann testified that he was an officer for the Downers Grove police department. He signed the complaint for count I, regarding Margaret Sullivan. On January 7, he responded to a domestic quarrel call. Thomas and Margaret Sullivan, but not defendant, were present. Thomas' lip was red and showed a trace of blood. Thomas told Bormann that Christopher pushed him, grabbed him by the chest and shoved him to the ground. Defendant did not register an objection to this testimony. Bormann related that Margaret told him that defendant pushed her as he was leaving the house. Bormann observed broken beer bottles on the floor, which Margaret was sweeping.

The State rested, and the trial court told defendant he did not have to testify if he did not wish. Defendant declined to testify. The trial court stated that it did not know what was worse, the perjury or defendant's battery of his parents. The court warned them that they were not truly protecting their son from his problems by denying the violence. The court found defendant guilty on both counts and sentenced him immediately. Although the trial court did not give defendant any admonishments regarding his rights and remedies of law, defendant filed a timely notice of appeal. The appellate defender was appointed to represent him.

Defendant contends that the trial court abused its discretion in refusing to grant a continuance and he was thus denied his constitutional right to counsel. According to defendant, he was prejudiced by the lack of counsel because counsel would have objected to the introduction of the hearsay evidence, which was the sole basis of his conviction of the battery charges.

The failure to raise issues in a written, post-trial motion for a new trial results in a waiver of those issues on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186.) This requirement is in addition to the rule that the appellant must make an objection to the evidence during the trial. (122 Ill. 2d at 186.) However, we may address the issue of the sufficiency of the evidence, the constitutional issues, and plain error. (122 Ill. 2d at 190.) Moreover, the waiver rule is an admonition to the parties rather than a restraint on the court. (*Welch v. Johnson* (1992), 147 Ill. 2d 40, 48.) Thus, while a post-trial motion would have been preferable to develop the facts supporting the *pro se* defendant's request for legal counsel, the lack of the motion does not prohibit us from reviewing the cause.

While not cited in either party's brief, a motion for a continuance is governed by section 114—4 of the Code of Criminal Procedure of 1963, which reads:

"(a) The defendant or the State may move for a continuance. If the motion is made more than 30 days after arraignment the court shall require that it be in writing and supported by affidavit.

(b) A written motion for continuance made by defendant more than 30 days after arraignment may be granted when:

(1) Counsel for the defendant is ill, has died, or is held to trial in another cause; or

(2) Counsel for the defendant has been unable to prepare for trial because of illness or because he has been held to trial in another cause; ***

* * *

(d) The court may upon the written motion of either party or upon the court's own motion order a continuance for grounds not stated in subsections (b) and (c) of this Section if he finds that the interests of justice so require.

(e) All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant. ***

* * *

(h) This Section shall be construed to the end that criminal

cases are tried with due diligence consonant with the rights of the defendant and the State to a speedy, fair and impartial trial." Ill. Rev. Stat. 1991, ch. 38, par. 114—4.

■ The granting of a continuance to permit preparation for a case or for the substitution of counsel depends on the circumstances surrounding the request and is a matter within the sound discretion of the trial court. (*People v. Solomon* (1962), 24 Ill. 2d 586, 589; *People v. Lewis* (1988), 165 Ill. App. 3d 97, 102.) The importance of enabling the defendant to exercise his right to be represented by counsel of his own choosing is generally deemed to outweigh the inconvenience to the prosecution, witnesses, court and jury, unless it is shown that the defendant's actions were taken for the purpose of delay. This rule is followed even though it is difficult for the trial court to determine the defendant's motive and even though the rule tends to encourage a defendant to delay the selection of trial counsel until the trial date approaches. *People v. Sullivan* (1977), 52 Ill. App. 3d 666, 669.

■ Here, defendant did not request a continuance for the purpose of delay but for the purpose of obtaining counsel. He was under the misapprehension that the trial would not go forward. The witnesses, other than the police officer, were not inconvenienced, because they also asked for a continuance. Defendant waived a jury trial. Any delay would not have been extensive because the facts were simple and a new counsel would not have needed much time to prepare. The record does not show that defendant had previously been dilatory. Thus, the trial court should have granted defendant a reasonable time to secure counsel for the trial.

■ Defendant also contends that he was not proved guilty beyond a reasonable doubt of count I. The police officer did not see defendant strike Margaret Sullivan and saw no evidence that she sustained an injury. The officer related that she said defendant hit her, but she denied making the statement. Ordinarily, a prior inconsistent statement can be used only for purposes of impeachment. It may be used as substantive evidence when the witness acknowledges under oath the making of the statement. (Ill. Rev. Stat. 1991, ch. 38, par. 115—10.1(c)(2)(B).) Since Margaret Sullivan did not acknowledge the statement, it was inadmissible for the purposes of substantive evidence. (*People v. Denny* (1991), 221 Ill. App. 3d 298, 302-03.) Even though the witness was not credible, the trial court had no evidence to support a conviction. Therefore, the conviction must be reversed. *People v. Taylor* (1979), 76 Ill. 2d 289, 309; *Denny*, 221 Ill. App. 3d at 303.

■ Defendant also contends that he was not proved guilty beyond a reasonable doubt of battery to Thomas Sullivan in count II. Thomas Sullivan denied the incident. Defendant argues that the purported injury to Thomas Sullivan's lip does not corroborate Bormann's version, which was that defendant grabbed Thomas Sullivan by the chest and pushed him to the ground; defendant contends the location of the injury would have been different.

When considering a challenge to the sufficiency of the evidence, this court is not to retry the defendant. Rather, we must decide whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261; *Denny*, 221 Ill. App. 3d at 301.) Where the evidence is conflicting, the fact finder and not the reviewing court is primarily responsible for determining the witnesses' credibility, the weight to be given their testimony, and the reasonable inferences to be drawn from the evidence. (*People v. Steidl* (1991), 142 Ill. 2d 204, 226.) Applying this standard to the facts in the record, we find that a reasonable trier of fact could have found sufficient facts—the broken beer bottle, the trace of blood on Thomas Sullivan's lower lip, the testimony of Mrs. Sullivan that Christopher appeared to have been drinking and that there was an argument, and the prior inconsistent statement from a witness with a motive to prevaricate—to determine defendant was guilty. Thomas P. Sullivan acknowledged under oath that Christopher Sullivan committed a battery upon him by grabbing him and pushing him to the ground. Since this statement was made under oath it is admissible as an exception to the hearsay rule, pursuant to section 115—10.1(c)(1) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—10.1(c)(1)). However, because we reverse on the first issue raised in this appeal, we must remand the cause for a new trial on this count.

For the above reasons, the conviction from count I is reversed, and the conviction from count II is reversed and the cause remanded for a new trial on count II.

Reversed and remanded.

GEIGER and DOYLE, JJ., concur.