THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL T. CLARKE, Defendant-Appellant.

Second District   No. 2—91—0953

Opinion filed April 27, 1993.—Rehearing denied June 1, 1993.

100

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Michael T. Clarke, was convicted of aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(a)) for stabbing Larry McBain on May 5, 1990. For the following reasons, we reverse and remand.

Defendant was indicted for attempted murder (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(a), 9—1) and aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(a)) for stabbing McBain on May 5, 1990. The cause proceeded to a jury trial on April 15, 1991. Defendant claimed that he stabbed McBain in self-defense. (Ill. Rev. Stat. 1989, ch. 38, par. 7—1.) McBain, however, testified that defendant initiated the incident.

On May 5, 1990, at approximately 3:15 a.m., Donald Runblade was driving north on Alpine Road approaching the intersection of Alpine and Harlem Roads in Loves Park, Illinois. Larry McBain was a passenger in Runblade's vehicle. Defendant was driving alone. McBain claims that defendant pulled into the right lane and drove next to Runblade's vehicle for two or three minutes. When McBain looked toward defendant's car, defendant allegedly made an obscene gesture and threw liquid on Runblade's car. Defendant sped ahead of them, stopped his car, approached Runblade's vehicle, and threw a beer bottle which shattered the windshield. McBain exited the car and confronted defendant. McBain turned back and watched Runblade drive away. When McBain turned around, defendant stabbed him in the left rib. McBain jumped back and raised his fists, not realizing he had been stabbed. Defendant allegedly asked, "Do you want me to stab you again?" When McBain responded, "Yes," defendant ran to his car and drove away.

To the contrary, defendant claims that McBain was the aggressor. Defendant testified that, while passing Runblade's vehicle on the right side, McBain made an obscene gesture, referring to defendant with profane language. Defendant contends that he ignored them and continued driving. Runblade would not let him pass and continued to drive alongside defendant's vehicle. When defendant sped up, Runblade pulled next to his car and told defendant to follow him. When defendant did not follow, Runblade turned around and resumed following defendant. Defendant stopped his car after Runblade alleg-

edly bumped him twice from behind. Runblade stood at the door of his own vehicle, and McBain ran toward defendant. Defendant threw a beer bottle at Runblade's car. McBain continued to advance and swung at defendant. After warning McBain to leave him alone, defendant produced a pocket knife and threatened to stab McBain. McBain allegedly took another swing, and defendant stabbed him. Defendant ran to his vehicle and drove to the home of Jean Shelton, his girlfriend.

Runblade contacted the police when he discovered defendant's car parked in Shelton's driveway later that morning. Shelton admitted the two officers when they arrived at her home at approximately 4:30 a.m. When defendant came forward, the officers stated that they wanted to talk about the stabbing. Defendant resisted, was hand-cuffed and read *Miranda* warnings. Runblade identified defendant as the person involved in the stabbing earlier that evening. After securing defendant in the police car, the officers discovered a pocket knife in the folds of the bedspread in Shelton's room.

McBain suffered a one-inch stab wound to the left upper quadrant, lateral to the midline, just below the rib cage. The doctors at St. Anthony's Hospital waited a few hours to perform exploratory surgery while the effects of the alcohol McBain consumed that evening dissipated. The surgery revealed a laceration to the left lobe of the liver and perforations to the wall of the stomach and the duodenal wall. The inferior vena cava was also lacerated. After seven days, Mc-Bain was discharged from the hospital against medical advice because he was abusive to hospital personnel.

Defendant's theory at trial was that he stabbed McBain in self-defense. (Ill. Rev. Stat. 1989, ch. 38, par. 7—1.) The jury was given instructions on attempted murder (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(a), 9—1), aggravated battery (Ill. Rev. Stat. 1989, ch. 38, pars. 12—4(a), 12—4(b)(1)), and reckless conduct (Ill. Rev. Stat. 1989, ch. 38, par. 12—5(a)) as a lesser included offense. The jury found defendant guilty of aggravated battery. Defendant was sentenced to a term of three years' imprisonment, and this appeal followed.

Defendant asserted that he stabbed McBain in self-defense. Thus, he was required to present evidence that he reasonably believed the degree of force used against McBain was necessary to avert the danger of harm. (*People v. Turcios* (1992), 228 Ill. App. 3d 583, 594.) To raise this defense successfully, defendant was required to present at least some evidence in support of each of the following elements: (1) McBain threatened force against defendant; (2) defendant was not the aggressor; (3) the danger of harm was imminent; (4) the force McBain

threatened was unlawful; (5) defendant actually believed that a danger existed, that force was necessary to avert the danger, and that the amount of force defendant used was necessary; and (6) that these beliefs were reasonable. (*People v. Chavez* (1992), 228 Ill. App. 3d 54, 70; *People v. Denny* (1991), 221 Ill. App. 3d 298, 301.) Once the defense was raised, a question of fact arose concerning whether defendant's belief was reasonable, and the burden shifted to the State to prove the defendant's use of force was not justified. *Turcios*, 228 Ill. App. 3d at 594; *People v. Belpedio* (1991), 212 Ill. App. 3d 155, 161.

■ Since defendant raised the theory of self-defense and defendant and McBain gave extremely different versions of the stabbing, evidence of McBain's aggressive and violent character was relevant and admissible to indicate who was the aggressor. (*People v. Lynch* (1984), 104 Ill. 2d 194, 200.) To prove that defendant was not the aggressor, Billy Hopper testified about an incident where McBain bumped Hopper's automobile three times from behind while in a drive-through restaurant line. Deputy Hogshead testified concerning McBain's violent conduct after the incident when Hogshead arrested him. On Hogshead's cross-examination, defense counsel elicited information that Hogshead received a call from Glenn Weber, the prosecuting attorney, the previous evening. Defense counsel explained to the court that the purpose of the call was to "soften" Hogshead's testimony. Weber, however, explained the purpose of the call as an inquiry of whether Hogshead possessed knowledge of other incidents of violence involving McBain. Responding to defendant's request to present to the jury the telephone call from Weber to Hogshead, the court stated as follows:

> "THE COURT: Obviously the witness testified the way [defense counsel] wanted him to and it was, he was not intimidated or anything else and I don't think it's appropriate to let the jury start getting into things like that. Then we have to get into all sorts of other things and it takes away from this case. My ruling, I feel, is certainly correct in that regard. If the defense feels that the prosecution made some inappropriate or engaged in some inappropriate conduct it can take whatever action it feels is appropriate, but with regard to this case I feel my ruling is correct."

Defendant moved for a mistrial on the basis that the court would not allow the defense to introduce evidence concerning the prosecutor's phone call to Hogshead. To further support his motion for a mistrial, defense counsel asserted that the prosecuting attorney also telephoned Billy Hopper to inform him of plans to impeach Hopper's testimony by presenting evidence of a pending case against him. The mo-

tion for a mistrial was denied. On appeal, defendant contends that he was denied a fair trial because the testimony of Hopper and Hogshead was allegedly curtailed due to prosecutorial intimidation resulting from the telephone calls.

We find defendant's contention wholly speculative. In denying defendant's motion for a mistrial, the court advised defendant to preserve the issue of prosecutorial misconduct by filing a post-trial motion and informing the court exactly how the testimony of Hopper and Hogshead was altered. The court suggested that an evidentiary hearing would be held at that time. Defendant did raise the issue of intimidation in his post-trial motion, but did so without specific allegations, argument, affidavits, or testimony by Hopper and Hogshead indicating how the substance of their testimony was altered by the telephone calls.

Due process of law encompasses a defendant's right to present witnesses in his own behalf to establish a defense. (*People v. McKiness* (1982), 105 Ill. App. 3d 92, 98.) Substantial governmental interference with a defense witness' free and unhampered choice to testify violates a defendant's right to due process of law under the fourteenth amendment. (*Webb v. Texas* (1972), 409 U.S. 95, 34 L. Ed. 2d 330, 93 S. Ct. 351; *People v. Bailey* (1985), 132 Ill. App. 3d 399, 407.) We do not condone a prosecuting attorney's action in contacting witnesses for the defense when it is calculated to intimidate witnesses and dissuade them from testifying. However, we decline to apply a *per se* rule in this case. As the court stated in *United States v. Weddell* (5th Cir. 1986), 800 F.2d 1404, 1411, the relevant inquiry is whether the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." If the witnesses in this case refused to testify or continue testifying, as in *United States v. Blackwell* (D.C. Cir. 1982), 694 F.2d 1325, *United States v. Goodwin* (5th Cir. 1980), 625 F.2d 693, *United States v. Hammond* (5th Cir. 1979), 598 F.2d 1008, and *McKiness* (105 Ill. App. 3d at 92), our result would be different. Without sufficient allegations and proofs indicating how the substance of the witnesses' testimony was altered by the telephone calls, we are unable to assess the degree of prejudice to defendant, if any. Therefore, we determine that defendant was not deprived of a fair trial by the prosecutor's actions in contacting the witnesses.

■ Next, defendant contends that he was deprived of a fair trial due to comments made by the prosecutor in closing argument. The prosecutor commented on the testimony of Hopper and Hogshead concerning the incident where McBain allegedly bumped Hopper's au-

tomobile and became aggressive and violent in the drive-through restaurant line and during his arrest by Hogshead later that evening. First, the prosecuting attorney stated that the defense was "trying to drag [McBain] through the mud by bringing up this irrelevant incident that happened." Defense counsel objected, and the court informed the jury it would be instructed on the appropriate use of this evidence. Again, the prosecuting attorney referred to the incident and stated that, if the jury considered the incident, it would be "dragging Larry McBain through the mud for no reason because that incident is not probative of what happened [in this case]." Defense counsel objected, and the court again informed the jury that it would receive instructions on the use of evidence of prior acts of violence. Next, the following interchange occurred:

"PROSECUTOR: You don't think they [the defense] were dragging Larry McBain through the mud. Why do you think they talked about Billy Hopper and his three kids in the back seat [sic] and his wife and gee[,] they are just going over to Hardee's to get a sandwich and here is Larry McBain ramming the back of his car. You don't think they are trying to drag him through the mud with that garbage?

DEFENSE COUNSEL: I object to the reference of attacks of [sic] a citizen of the State of Illinois as garbage where a person admitted his guilt and being involved in that garbage.

THE COURT: Mr. Gaziano, you have had your opportunity to argue the case. You can make an objection but not argue or continue your argument. Objection is overruled."

Defendant contends that the State's closing argument was improper because the prosecutor misstated the law by informing the jury that evidence of McBain's prior conduct was irrelevant and had no probative value and because of the State's reference to the defense theory as "garbage."

A defendant is entitled to a trial free from improper prosecutorial argument. The State may comment on the evidence presented during trial and draw reasonable inferences from the evidence. (*People v. Johnson* (1992), 149 Ill. 2d 118, 145.) However, improper remarks will not justify reversal unless, when viewed in the context of the entire record and argument, the remarks were a material factor in the conviction or resulted in substantial prejudice to the defendant, such that the verdict would have been different if the remarks were not made. *Johnson*, 149 Ill. 2d at 145; *People v. Morgan* (1991), 142 Ill. 2d 410, *cert. granted* (1991), 504 U.S. 719, 116 L. Ed. 2d 239, 112 S. Ct. 295; *People v. Garcia* (1992), 231 Ill. App. 3d 460, 469.

Misstating the law in closing argument can be grounds for reversal. (*People v. Eckhardt* (1984), 124 Ill. App. 3d 1041, 1043.) As we previously stated, evidence of McBain's prior violent conduct was admissible for the purpose of assessing the credibility of the witnesses' disparate versions of the stabbing and aiding the jury in determining who was the aggressor. (*Lynch*, 104 Ill. 2d at 200.) Therefore, the State erred in stating that the testimony of Hopper and Hogshead concerning McBain's violent character was irrelevant. However, instructing the jury that comments made during closing argument are not evidence and should be disregarded, if not based on the evidence, tends to cure any prejudice from improper remarks. (*People v. Morgan* (1986), 112 Ill. 2d 111; *Garcia*, 231 Ill. App. 3d at 469; *People v. Graca* (1991), 220 Ill. App. 3d 214, 221.) Our review of the record reveals that the court responded to the State's comments by informing the jury that it would be instructed on the proper use of the evidence. The record further reveals that the jury was instructed that evidence of prior violent or aggressive behavior may be used only for the limited purpose of determining who was the aggressor. (Non-Illinois Pattern Jury Instruction based on *People v. Lynch* (1984), 104 Ill. 2d 194.) The jury was also instructed that closing statements are not evidence and any statement or argument made by the attorneys which is not based on the evidence should be disregarded. (Illinois Pattern Jury Instructions, Criminal, No. 1.03 (3d ed. 1992).) Although the State erred in stating that testimony concerning McBain's violent character was irrelevant and not probative of the issue of self-defense, we find that defendant did not incur substantial prejudice by these improper comments alone, as the jury was instructed on the proper use of this evidence.

●3 The State's reference to the theory that McBain was the aggressor as "garbage" was outside the bounds of proper argument. A defendant is entitled to be tried by an unbiased jury and to be judged on the merits of his case. (*People v. Bean* (1985), 109 Ill. 2d 80, 101, *appeal after remand* (1990), 137 Ill. 2d 65.) It is improper for the prosecution to suggest, without evidence, that defense counsel fabricated a defense theory. (*People v. Emerson* (1983), 97 Ill. 2d 487, 497.) It is also improper for the prosecutor to make statements calculated solely to inflame the passions and prejudices of the jury. (*People v. Merideth* (1987), 152 Ill. App. 3d 304, 321.) The unsubstantiated personal opinion of the prosecutor characterizing the defense theory of self-defense as "garbage" was improper. The trial court erred by failing to sustain defense counsel's objection to this remark.

■ Defendant also objects to the State's characterization of Hopper as a convicted felon during closing argument. Since no objection to this comment was made during trial, defendant has waived the issue. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186.) However, we will address defendant's contention on the merits under the plain error rule, as the evidence in this case was closely balanced. 134 Ill. 2d R. 615(a).

The record reveals that Hopper had a prior conviction of felony theft which could have impeached his credibility as a witness. The credibility of a witness is a proper subject for closing argument. (*People v. Richardson* (1988), 123 Ill. 2d 322, 356.) The State may comment on the credibility of a witness during closing argument if it is based on facts in the record or inferences fairly drawn from those facts. (*Johnson*, 149 Ill. 2d at 145; *People v. Epps* (1986), 143 Ill. App. 3d 636, 640.) The State was entitled to suggest that Hopper was not a credible witness because his prior conviction of felony theft was part of the record.

■ Although the verdict may not have been different if one of the errors had not been committed, the cumulative impact of the errors was prejudicial to the defendant. To assert self-defense successfully, defendant was required to produce evidence indicating he was not the aggressor. The State's comments that McBain's prior aggressive behavior was "not probative" and irrelevant, coupled with the characterization of the defense as "garbage," improperly impugned the validity of defendant's contentions. For these reasons, we determine that the cumulative impact of the State's errors was substantially prejudicial such that the verdict may have been different if they were not committed.

Finally, defendant contends that the trial court erred by failing to disclose certain police reports revealing prior violent conduct by McBain and Runblade. The defense issued a subpoena *duces tecum* to the record keeper of the Winnebago County sheriff for all police reports pertaining to McBain and Runblade. The trial court reviewed the reports *in camera* and released six of them to the defense. The rest of the reports were impounded. The impounded reports are part of the record on appeal, and defense counsel has reviewed them. Defendant contends that the impounded reports reveal or suggest other instances of violent conduct by McBain and Runblade which should have been disclosed to the defense prior to trial.

Defendant concedes that he failed to object during trial when the reports were impounded or to raise the issue in his post-trial motion for a new trial. Issues raised on appeal are preserved for review by

objecting during trial and filing a written post-trial motion which raises the issue of the alleged error. (*Enoch*, 122 Ill. 2d at 186.) We do not accept the State's contention that defendant has waived this issue on appeal. The impounded reports became part of the record on appeal, and defense counsel's first opportunity to review the reports was at this time. The waiver rule does not preclude a defendant from raising issues that defense counsel was unaware of at the trial level.

Since we will reverse and remand for a new trial on the basis of our ruling on the State's comments during closing argument, we are not required to address this issue. We note, however, that reports concerning McBain's prior violent conduct *were* disclosed to the defense. The defense utilized these reports in support of its theory that defendant stabbed McBain in self-defense by calling witnesses who testified regarding specific instances where McBain exhibited violent and aggressive behavior. The trial court's decision to exclude admissible evidence does not always constitute reversible error. If the jury was adequately apprised of the nature of the defense by introducing evidence reflecting McBain's violent and aggressive character, any error may have been harmless. See *People v. Taylor* (1992), 233 Ill. App. 3d 985.

Furthermore, the reports concerning prior violent conduct by Runblade are irrelevant in the present case, as the defense sought to prove McBain was the aggressor. Runblade's conduct on prior occasions is not probative of whether defendant was the aggressor. Therefore, the reports concerning Runblade's conduct were properly excluded by the trial court.

For the foregoing reasons, we reverse the judgment of the circuit court of Winnebago County and remand this cause to the trial court for further proceedings in conformance with the opinion of this court.

Reversed and remanded.

BOWMAN and COLWELL, JJ., concur.