THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOUGLAS LONG, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSE URBAN, Defendant-Appellant.

Second District    Nos. 2—95—0496, 2—95—0497 cons.

Opinion filed August 28, 1996.

G. Joseph Weller, Kim M. DeWitt, and Paul J. Glaser, all of State Appellate Defender's Office, of Elgin, for appellant Douglas Long.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant Jesse Urban.

Roger T. Russell, State's Attorney, of Belvidere (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendants, Douglas Long and Jesse Urban, were charged in separate complaints with the offense of criminal trespass to a residence (720 ILCS 5/19—4(a) (West 1994)). In cause No. 2—95—0496, Long was charged with "knowingly and without legal authority" entering a residence located at 302 Marshall Street in Belvidere, Illinois, on November 21, 1994, after being told by the owner, Greg Merkle (Merkle), not to be at the residence. In cause No. 2—95—0497, Urban

was similarly charged with knowingly entering the same residence without authority on December 12, 1994.

The causes were consolidated for a bench trial in February 1995, in which the court found both defendants guilty. Long was sentenced to a 2-year term of probation, ordered to pay $200 in fines and costs, to serve 180 days in jail, and to comply with other conditions of probation. Urban was sentenced to a 2-year term of probation, ordered to pay $200 in fines and costs, to serve 60 days in jail, and to comply with other conditions of probation. Defendants timely appealed, and the trial court stayed the sentences pending appeal.

On appeal, defendants argue that the State failed to prove them guilty of the offenses beyond a reasonable doubt where they were both inside the residence with the consent of a person who resided there, namely, one of Greg Merkle's sons. We affirm.

The facts, which are summarized in the bystander's report, are essentially uncontroverted and will not be recited in detail here except as they relate to the issue raised. The evidence shows that Greg Merkle owned the residence and that he lived there with his girlfriend, Wendy McCracken, his sons, Paul and Perry, and a young relative named Todd Silberhorn. Defendants were friends of Merkle's sons. Merkle had given the Belvidere police written consent to enter and search his home whenever they deemed necessary. Merkle told both defendants they were not to visit his residence when he was not present. He also told his sons that defendants were not allowed to come over when he was absent. Merkle said his sons were not always under his parental control, but he could control them when he was present.

Lorries Adams, a Belvidere police detective, was aware of Merkle's consent to search the residence. On November 21, 1994, she entered the residence and found Long there. Merkle was not at the residence. She arrested Long for criminal trespass to the residence. Three days earlier she had warned Long that he was not allowed on the premises unless Merkle was there; she stated Long understood this.

On December 12, 1994, Adams received a phone call from Mc-Cracken. Adams went to the residence and found Urban inside playing cards with Paul and Perry. Merkle was not there. She arrested Urban for criminal trespass to the residence.

It is clear from defendants' testimony that they understood they were not to be present on the premises when Merkle was not at home. Urban stated that, as far as he could recall, he briefly saw Merkle at the residence on December 12. However, Adams testified in rebuttal that Merkle was not at home at the time of Urban's ar-

rest. She also testified, over objection, that Urban acted aggressively toward her when he was arrested. There was testimony showing that Paul, who worked in a fast-food restaurant, invited defendants into the house.

It is undisputed that Merkle was the legal owner of the residence. The question before this court is whether the State proved that defendants knowingly entered the residence "without authority" (720 ILCS 5/19—4(a) (West 1994)) when Merkle's son, a member of the household, invited them in (presumably for a lawful purpose). Defendants argue that a minor who resides in the home can legally authorize such an entry by others. Defendants rely, in part, on search and seizure cases involving common authority principles as a basis for consent to warrantless searches. We find those cases inapposite. In an analogous case involving criminal trespass to a residence, this court has recently reaffirmed the principle that a parent owner of the premises has a superior interest in the home to that of an unemancipated minor residing there and that such parent's withdrawal of authority to enter the home supersedes any authority that the minor may have to invite others to enter the home. *People v. Banks*, 281 Ill. App. 3d 417 (1996). Such a parent's superior legal authority has been recognized in prior cases. See *In re Salyer*, 44 Ill. App. 3d 854, 858-59 (1977); see also *In re G.L.*, 73 Ill. App. 3d 467, 470 (1979). The law does not require parents to submit to the tyranny of a defiant minor child in contravention of their superior rights of occupancy and possession. *In re G.L.*, 73 Ill. App. 3d at 470.

We find the *Banks* decision controlling here. In *Banks*, the evidence to convict the defendant of criminal trespass to a residence was found sufficient where the parents told defendant he was not allowed on the premises without their permission; any authority the 17-year-old daughter might have otherwise had to permit the defendant's entry had been withdrawn by the parents. Similarly, here, the parent-owner's right to control the access to his home was superior to and overrode any authority Merkle's sons might have had in inviting others into the home.

A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that there remains a reasonable doubt of the defendant's guilt. *People v. Steidl*, 142 Ill. 2d 204, 226 (1991). In reviewing the sufficiency of the evidence, this court must decide whether, after viewing *all of the evidence* in the light most favorable to the prosecution, *any* trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Steidl*, 142 Ill. 2d at 226; *People v. Denny*, 221 Ill. App. 3d 298, 301 (1991). It is clear in this case that defendants knew they did not have permis-

sion from the parent-owner to enter the residence but did so anyway. Under the circumstances, the evidence was sufficient to show that defendants knowingly entered "without authority." On the record presented, we cannot say that defendants have raised a reasonable doubt of their guilt.

The judgments of the circuit court of Boone County are affirmed.

Affirmed.

INGLIS and RATHJE, JJ., concur.