2022 IL App (2d) 210173-U
Nos. 2-21-0173 & 2-21-0516 cons.
Order filed October 27, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16 CF 1584 |
| JEREMY JONES, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in denying defendant's motion for a continuance to obtain new counsel. The court duly inquired into the circumstances of defendant's request, and defendant could not identify substitute counsel who was ready, willing, and able to make an unconditional appearance.

¶ 2    Defendant, Jeremy Jones, entered an open plea of guilty to one count of armed robbery (720 ILCS 5/18-2(a)(1) (West 2016)). The trial court sentenced defendant to 24 years in prison. Defendant later filed a motion to vacate his guilty plea and a motion for reconsideration of his sentence. At the outset of the hearing on the motions, the public defender advised the court that defendant wished to retain private counsel and asked the court for a continuance so that defendant

could do so. The court denied the request for a continuance and, thereafter, denied defendant's motions. On appeal, defendant argues that the trial court abused its discretion and violated defendant's constitutional right to counsel of choice by denying his request for a continuance to retain private counsel. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On September 22, 2016, the State indicted defendant with several offenses related to an incident that occurred on August 26, 2016.

¶ 5     On November 30, 2018, defendant, represented by private counsel, Glenn Jazwiec, pleaded guilty to one count of armed robbery, and the State nol-prossed the remaining charges. The factual basis of the plea established generally that, on August 26, 2016, defendant, along with two codefendants, drove from South Elgin to Glen Ellyn, where they abducted the victim, a Wheaton College student, by gunpoint. The men took the victim's wallet, which contained money and bank cards. They drove the victim to various ATM locations in Du Page County and Chicago and withdrew money from his bank accounts. They eventually released the victim in Chicago. The victim later identified defendant from a photo array as the gunman.

¶ 6     On January 25, 2019, following a sentencing hearing, the trial court sentenced defendant to 24 years in prison. On February 6, 2019, Jazwiec filed a motion to reconsider defendant's sentence, which the court denied on March 6, 2019. Defendant appealed. On February 26, 2020, we granted defendant's unopposed motion for summary remand for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 7     On remand, the matter was continued on the court's motion several times between March and July 2020 due to the COVID-19 pandemic.

¶ 8 On July 7, 2020, defendant appeared *pro se* for status. The State advised the trial court that, although Jazweic's appearance on behalf of defendant remained on file, defendant had indicated that he wanted to be represented by the public defender. Thereafter, the trial court appointed the public defender. Supervising Assistant Public Defender Valerie J. Pacis, who was also present at the proceedings, asked for and was granted a continuance to review the case. She also indicated that she would not be the attorney assigned to the case. After being allowed to consult briefly with defendant, Pacis told the court that defendant wished to be remanded to the Du Page County jail so that he could conference more easily with his assigned attorney. The court denied the request, stating that the conference could be accomplished by telephone. The matter was continued to September 23, 2020, for status.

¶ 9 On July 24, 2020, Pacis (who was assigned to defendant's case after all) filed a motion for reconsideration of defendant's sentence and a motion to vacate defendant's guilty plea. The latter included claims of ineffective assistance of plea counsel. In addition, Pacis filed a certificate under Rule 604(d), certifying, *inter alia*, that she "consulted with the defendant in person and via telephone to ascertain defendant's claim of error in the entry of the plea of guilty."

¶ 10 On September 1, 2020, the matter was continued by agreement to October 1, 2020, for status. On October 1, 2020, the matter was continued on defendant's motion to December 21, 2020, for a hearing. On October 29, 2020, the hearing was continued by agreement to January 20, 2021. On January 5, 2021, because of an administrative order relating to COVID-19, the trial court continued the hearing to April 1, 2021, at 1:30 p.m.

¶ 11 When the parties appeared on the morning of April 1, 2021, Pacis advised the trial court that, although she was "answering ready," defendant had told her that "he wants to retain private counsel." The court asked whether private counsel was present, and Pacis replied no. On

defendant's behalf, Pacis made an oral motion to continue. The State objected because its witness, Jazwiec, was "coming from Winnebago County" for the hearing. When the court asked Pacis why defendant wanted private counsel, she advised the court that "defendant disagrees with who all was called or not called for th[e] hearing." Thereafter, the following took place:

"THE COURT: Well, I would agree with the suggestion that he does have a right to counsel of his choice; the problem is the timing of his choice. It's up for hearing—

I know, [defendant], you want to address the Court. Hold on.

—but this was set sometime ago. We brought the defendant in from the Department of Corrections for this hearing, I think, last week. Right?

MS. ENGLISH [(ASSISTANT STATE'S ATTORNEY)]: That's correct, Judge.

THE COURT: So he's been here since last week. It's been set for hearing since February '20. Is that right? I think so. And so the timeliness is not present in terms of the Court's exercising its discretion to continue the case for him to attempt to retain private counsel.

I assume no counsel has been obtained?

MS. PACIS: Not at this time, Judge.

THE COURT: Okay.

MS. PACIS: He did indicate that family may be able to pay private counsel by Friday.

THE COURT: Okay. Well, [defendant], it is—something that you wish to say, let me admonish you that you are represented by counsel. Anything you say on the record potentially could be used against you. So I'd caution you saying too much. If you wish to

address whatever arrangements have been made for private counsel you may go ahead and do so.

THE DEFENDANT: Yes, [Y]our Honor.

First off, I had indicated to her a couple—I know it's still short notice, but I had indicated to her—not today, I indicted [*sic*] to her a couple of days ago on the phone that my family was going to come with counsel. And it's not no maybe, they have the money. He's going to pay it Friday for sure.

And I—I feel like—I understand that Mr. Jazwiec is coming from Winnebago County and I understand and respect that, but it has been times, [Y]our Honor, when you—when I had my hearing with you that time and other officers were here to have my hearing and they had to continue it because other officers weren't here and the Court had understood that. So I'm just asking, on my behalf, if the Court can understand the attorney will be paid Friday, and if you could set a date any time after the 12th for him to come the 12th, 13th, 14th, whatever. But the 9th the money will paid [*sic*]. I will pay an attorney. I think I'm going to Mahoney out of Kane County.

THE COURT: Okay. Well, at this point—certainly at any point in these proceedings you have the right to have—retain counsel, appear and seek leave to file an appearance, and I will entertain it when and if that happens. But at this juncture I'm not inclined to grant any continuance. If at some point in the future you hire private counsel, depending on the state of the proceedings at the time, and the Court can entertain granting such a request, I will consider it, but at this point I'm not.

The nature of these proceedings are such that they're postjudgement proceedings and we'll deny that request."

After the trial court addressed some additional matters with Pacis, defendant indicated that he again wished to speak, and the following occurred:

> "THE COURT: Yes, sir. You wish to say something? Go ahead.
>
> THE DEFENDANT: Yes. So I have to go through with somebody that we're not on the same page. Like, this is my life I'm fighting for, [Y]our Honor. I just want to make sure everybody, you know, is on the right—on the same page.
>
> THE COURT: Ms. Pacis is a very competent, good, competent, effective and experienced criminal defense lawyer. She has an ethical and professional obligation to represent you zealously which I believe she will, and that's what you're entitled to and that's what you will receive, and if you don't I will take steps to remedy it.
>
> THE DEFENDANT: I understand. She['ll] tell you I [gave] her respect fully for the—we just didn't have an agreement on the witness that I was trying to get called. That's why I, kind of, got a little upset.
>
> THE COURT: Okay. There is—it is not unusual that individual defendants and their lawyers, particularly public defenders, do not see eye to eye on things and that's is [*sic*] not uncommon.
>
> THE DEFENDANT: But I am very respectful to her.
>
> THE COURT: As well you should be. I appreciate that.
>
> THE DEFENDANT: Thank you.
>
> THE COURT: And she will be respectful to you as well.
>
> THE DEFENDANT: Yeah. She is.
>
> THE COURT: Okay. Thank you."

¶ 12     The trial court heard first the motion to withdraw the plea. Defendant and Jazwiec testified. Following argument, the court denied the motion. The parties then proceeded to argument on defendant's motion to reconsider his sentence, after which the court denied that motion as well.

¶ 13     This timely appeal followed.

¶ 14                              II. ANALYSIS

¶ 15     Defendant contends that the trial court abused its discretion when it denied defendant's postplea request for a continuance to hire private counsel. The State responds that the trial court acted within its discretion because defendant did not identify any substitute counsel that was ready, willing, and able to enter an unconditional appearance. We agree with the State.

¶ 16     A defendant has a constitutional right to the assistance of counsel (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8), which includes the right to counsel of the defendant's choice (*People v. Friedman*, 79 Ill. 2d 341, 349 (1980)). "In ruling on a defendant's request for a continuance for substitution of counsel, the trial court must balance the fundamental right of the defendant to counsel of his choice [citations] against the interests of the State, the courts and the witnesses in the efficient disposition of cases without unreasonable delay [citations]." (Internal quotation marks omitted.) *People v. Ramsey*, 2018 IL App (2d) 151071, ¶ 23 (2018). "The determination whether to grant a continuance for substitution of counsel is a matter left to the discretion of the trial court[ ] and will not be overturned absent an abuse of that discretion." *People v. Segoviano*, 189 Ill. 2d 228, 245 (2000).

¶ 17     In balancing the defendant's fundamental right to counsel of choice with the judicial interest of resolving the case without unreasonable delay, "the court must inquire into the actual request to determine whether it is being used merely as a delaying tactic." (Internal quotation marks omitted.) *Ramsey*, 2018 IL App (2d) 151071, ¶ 24. "Factors to be considered include:

whether [the] defendant articulates an acceptable reason for desiring new counsel; whether the defendant has continuously been in custody; whether he has informed the trial court of his efforts to obtain counsel; whether he has cooperated with current counsel; and the length of time [the] defendant has been represented by current counsel." (Internal quotation marks omitted.) *Id.*

¶ 18    The court must also consider "the need for the efficient and effective administration of justice." *Id.* ¶ 25. "[O]ur supreme court has made clear that 'a trial court will not be found to have abused its discretion in denying a motion for substitution of counsel in the absence of ready and willing substitute counsel.' " *Id.* (quoting *Segoviano*, 189 Ill. 2d at 245). "[I]f any of those requirements is lacking, a denial of the motion is not an abuse of discretion." *Id.*; see *People v. Koss*, 52 Ill. App. 3d 605, 607-08 (1977).

> "Thus, where a trial court conducts an inquiry into the circumstances of a defendant's motion, and those circumstances demonstrate substitute counsel does not stand 'ready, willing, and able to make an unconditional entry of appearance' on defendant's behalf, a court does not abuse its discretion by denying a defendant's motion for continuance to obtain substitute counsel." *People v. Curry*, 2013 IL App (4th) 120724, ¶ 51.

¶ 19    Here, defendant requested a continuance to obtain private counsel the morning of the scheduled hearing on his posttrial motions to vacate his plea and reconsider his sentence. There is no question that the trial court inquired appropriately into that request. The court asked the reason for the request and defense counsel advised that "defendant disagrees with who all was called or not called for th[e] hearing." The court permitted defendant to address any arrangements that had been made to secure private counsel. The court indicated that the problem was the "timing" of the request, noting that the postplea proceedings had been pending since February 2020—more than a year earlier. To be sure, as defendant notes, the COVID-19 pandemic was responsible for several

continuances from February 2020 through July 7, 2020. Nevertheless, the public defender was appointed (at defendant's request) on July 7, 2020, and she consulted with defendant before filing the postplea motions on July 24, 2020. Those motions were pending for over eight months before the hearing, allowing defendant ample time to hire new counsel.

¶ 20 In any event, it is undisputed that defendant had not yet retained counsel when he requested a continuance. Defendant told the trial court that "the attorney will be paid Friday [April 9]." He further stated: "I think I'm going to Mahoney out of Kane County." Thus, no counsel stood ready, willing, and able to enter an unconditional appearance on defendant's behalf. Indeed, defendant did not even name potential counsel with certainty or provide any assurances that potential counsel was even willing, let alone ready and able, to represent him. Accordingly, the rule announced in *Segoviano* applies here. See *Segoviano*, 189 Ill. 2d at 245 ("[I]t is well established that a trial court will not be found to have abused its discretion in denying a motion for substitution of counsel in the absence of ready and willing substitute counsel."). Thus, because the trial court inquired into the circumstances of defendant's request and defendant could not identify substitute counsel who was ready, willing, and able to make an unconditional appearance, we find no abuse of discretion.

¶ 21 Defendant acknowledges *Segoviano* but argues that it should not apply to postplea requests. According to defendant, the judicial interest in the efficient and effective administration of justice "is less pressing" here, because defendant had already been convicted and incarcerated. We disagree. The State and the trial court have an interest in the efficient disposition of cases, which continues until the case is finally resolved. That interest is not any "less pressing" when the matters for resolution are postplea proceedings. The matters here are consequential, if the court were to grant the motion to vacate the plea, the matter would be set for trial and the proceedings would begin anew. We see no reason why *Segoviano* should not apply.

¶ 22    Defendant's reliance on *People v. Adams*, 2016 IL App (1st) 141135, does not warrant a different conclusion, as it is readily distinguishable.  In *Adams*, on the day of trial—70 days after arraignment—the defendant requested a continuance to obtain private counsel.  *Id.* ¶ 4.  Without conducting any inquiry, the trial court denied the request, noting that it was the day of trial and all concerned were present.  *Id.*  On appeal, the reviewing court held that the trial court abused its discretion, given its "utter failure to make any kind of inquiry" into the defendant's request.  *Id.* ¶ 16.  Here, by contrast, the court conducted an appropriate inquiry.

¶ 23    Also distinguishable are *People v. Young*, 207 Ill. App. 3d 130 (1990), and *People v. Sullivan*, 234 Ill. App. 3d 328 (1992).  In *Young*, the reviewing court found that the trial court abused its discretion in denying the defendant his counsel of choice where private counsel "stood *willing* and *able*" to make an appearance but the court failed to inquire as to whether counsel was "ready" to appear.  (Emphasis in original.)  *Young*, 207 Ill. App. 3d at 134.  Here, as noted, at the time of the request, private counsel was not even conclusively identified, let alone willing and able to appear.

¶ 24    In *Sullivan*, this court found that the trial court abused its discretion in denying the defendant a continuance so that he could appear with counsel, where the defendant appeared unrepresented on the day of trial under the misapprehension (stemming from his counsel's advice) that the charges would be dropped.  *Sullivan*, 234 Ill. App. 3d at 329-32.  Central to our holding was the fact that the defendant appeared under the misapprehension that there would be no trial.  *Id.* at 332.  We also noted that (1) the witnesses were not inconvenienced, because they too asked for a continuance; (2) any delay would not have been extensive; and (3) the defendant had not previously been dilatory.  *Id.*  Although we did not discuss the requirement of having a ready, willing, and able counsel, the facts certainly suggest that the defendant was represented by private

counsel; indeed, it was the defendant's counsel who misadvised him that the charges would be dropped, causing him to appear in court unrepresented. *Id.* at 329. That was not the case here.

¶ 25                                III. CONCLUSION

¶ 26    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 27    Affirmed.