THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SILVIA
NEGRETE, Defendant-Appellant.

First District (4th Division)   No. 1—92—0046

Opinion filed February 3, 1994.

Rita A. Fry, Public Defender, of Chicago (Hugh Stevens, Assistant Public
Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Judith
M. Pietrucha, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

The State charged defendant Silvia Negrete with attempted murder, aggravated battery, heinous battery, and cruelty to children for the scalding of her 17-month-old son. After a bench trial, she was convicted of heinous battery and sentenced to 45 years in prison. We affirm the conviction, but remand for a new sentencing hearing.

On May 16, 1990, defendant called an ambulance to her home, claiming that her son Luis was accidentally burned by hot water while receiving a bath in the kitchen sink. Although defendant told doctors Luis had been left alone in a sink with lukewarm water running, several doctors suggested that Luis' burns were the result of child abuse. Eventually, defendant was arrested and charged. Defendant waived her right to a jury trial.

Demetra Soter, a board-certified pediatrician, testified at trial that she examined Luis while he was in the intensive care burn unit. Luis suffered second and third degree burns over 60% of his body, including his chest, genitals, back, and one leg. He was also emaciated and roughly the weight of a six-month-old child. Dr. Soter concluded from Luis' appearance that he was malnourished, essentially suffering from starvation. She also stated that when she first saw Luis in the intensive care unit, he was not expected to survive.

Dr. Soter testified extensively about the nature of Luis' burns. The pain caused by these burns was characterized as "terrible," "excruciating," and "incredible." She testified that even children several months old will make an effort to escape from very hot water. The typical accidental hot water burn includes edges of burned area which are wavy as well as numerous splash marks: evidence of attempts to avoid the hot water. She emphasized that on Luis' body, however, there were clear, straight lines of demarcation between burned and unburned skin. She also noted virtually no evidence of burns caused by water splashing onto Luis' body.

Dr. Soter also testified that Luis' level of mental and physical development observed in the hospital was inconsistent with the possibility that Luis turned on the hot water himself while in the sink. Observation of Luis revealed that he was unaware of or unable to turn a spigot on a toy sink.

Dr. Soter concluded to a reasonable degree of medical certainty that Luis' burns were caused by someone holding him in a lateral position under a nonforceful flow of extremely hot water. Dr. Soter also testified that Luis' burns will result in permanent scarring across 60% of his body. The burning of Luis' genital region also may result in permanent damage to his reproductive capacity.

The State called Dr. Marrilee Brandt, the resident on call the

night Luis was admitted to the hospital. Dr. Brandt testified about the medical procedures used when Luis was admitted. She made an extensive analysis of Luis' burns. Dr. Brandt corroborated the testimony of Dr. Soter, concluding to a 98% certainty that his burns were not the result of an accident.

The defense presented the testimony of Angelica Negrete, defendant's sister. She stated that defendant was not known to be cruel to her children and was a good mother. She denied telling investigators that defendant tried to smother her children with pillows. She admitted accusing defendant on the day of the incident of deliberately scalding Luis. Angelica claimed, however, that this remark was a lie motivated by anger over an argument earlier in the day with the defendant.

On cross-examination, Angelica admitted telling investigators that when defendant was pregnant with Luis, defendant discussed an abortion with her and their mother. She also admitted telling investigators that defendant tried to smother Luis with a pillow because defendant did not want him. She explained that she was lying to the investigators when she made this statement because she was still angry from the argument with defendant.

Defendant testified that on the day of the incident she was caring for Luis and his sister Gina, as well as her sister Angelica's two children. She decided to give Luis a bath. She put him in the sink and turned the water on. Both the hot and cold taps were open, resulting in a lukewarm flow. After leaving to get a towel, she decided to make the bed while the sink filled. After approximately six minutes, she heard Luis screaming and returned to the kitchen. Luis' skin was red and the water appeared to be very hot. She removed him from the sink and placed him on a bed. Later, she called an ambulance. She testified that she believed Luis was strong enough to turn off the cold water or to open the hot water tap completely. She also stated that she believed Luis was capable of crawling out of the sink. She told both the police and the doctors that the incident was an accident.

After closing argument, the court found defendant guilty of heinous battery under section 12—4.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—4.1). After a hearing, the court found two statutory aggravating factors and sentenced defendant to an extended term of 45 years' imprisonment. Defendant appealed.

■ Defendant first argues that the evidence did not show beyond a reasonable doubt that she intentionally or knowingly caused her son's injuries. We will not find a verdict to be against the manifest weight of the evidence unless no rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could

have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2788; *People v. Sullivan* (1992), 234 Ill. App. 3d 328, 600 N.E.2d 457.

We find the evidence here adequate to prove the defendant guilty beyond a reasonable doubt. Two medical experts agreed that it would be almost impossible for Luis' injuries to be self-inflicted. Together, these experts had examined thousands of burn victims with both accidental and intentional injuries. Their conclusions were reached after considering not only Luis' burns, but his general physical condition, his level of physical and mental development, and defendant's explanation of the injuries.

Defendant offered no medical expert with a contrary opinion. The testimony of defendant's sister, corroborating defendant's testimony that the incident was an accident, was impeached by her pretrial statements. The trier of fact is the sole judge of the witnesses' credibility. (*People v. Wittenmyer* (1992), 151 Ill. 2d 175, 601 N.E.2d 735.) The court stated that it was "absolutely clear on the basis of the evidence that has been received in this case that the injuries sustained were not self-inflicted." In light of the physical and circumstantial evidence, we find no error in the trial court's determination of guilt.

■ Defendant next argues that the trial court improperly considered an allegation in a Department of Children and Family Services (DCFS) report that she made inconsistent statements about the circumstances in which her son was burned. Defendant contends the discussion of the report was hearsay. The DCFS report was not admitted into evidence and was not included in the record on appeal. Dr. Soter testified on direct examination that defendant's version of the events was inconsistent with the physical evidence. On cross-examination, defense counsel asked Dr. Soter if she had read "the statement of Silvia Negrete concerning her version of how this happened." On re-direct, the prosecutor asked Dr. Soter if she "also read the DCFS report" in which defendant gave inconsistent explanations of the events. Defense counsel objected, and the court denied the objection.

It appears from the record that defense counsel later admitted that his reference to Negrete's statement was to one contained in the DCFS report, although this admission was not definitive. A defendant who introduces evidence, even though it may be improper, cannot complain about its admission. (*People v. Jones* (1983), 119 Ill. App. 3d 615, 456 N.E.2d 721.) Even if the statement referred to by defense counsel was not a statement included in the DCFS report, we

find that defense counsel "opened the door" to an analysis of defendant's version of the events by discussing her statement. A defendant cannot complain of an admission of evidence which was invited by the defendant's own trial tactics. *People v. Davis* (1977), 53 Ill. App. 3d 424, 368 N.E.2d 926.

■ Defendant finally argues that the judge improperly sentenced her, at least in part, to prevent her from becoming pregnant again. She argues that her sentence of 45 years should be reduced to the statutory minimum of six years or, in the alternative, that we remand her case for resentencing before a different judge. The State responds that defendant waived this point when she failed to object at sentencing or in a motion for reconsideration. Even if not waived, the State contends the record reveals the judge considered proper factors in support of an extended term and that the mere mention of other factors does not warrant remand.

We are not persuaded by the waiver argument. Although defendant did not object at sentencing or move to reconsider, we may address the issue if substantial rights are affected. (134 Ill. 2d R. 615(a).) Incarceration to prevent pregnancy clearly affects a substantial right.

Heinous battery is a Class X felony. A sentence of not less than 6 nor more than 30 years is allowed. (Ill. Rev. Stat. 1989, ch. 38, pars. 12—4.1(b), 1005—8—1(a)(3).) A judge may impose an extended term of not less than 30 nor more than 60 years if any of the factors in aggravation set forth in section 5—5—3.2(b) are found. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(a)(2).) The judge found two in this case: the offense was accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty" and the victim was under 12 years of age. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(b)(2), (b)(4)(i).) So the sentence of 45 years was within the statutory range.

But the trial judge went beyond these findings. He also stated: "And also, I believe it's a legitimate concern and a legitimate basis for removing Silvia Negrete from society as a whole to a situation where she will not become pregnant probably again. I think that's important. She has already demonstrated how she treats her young."

A sentence imposed to deter pregnancy is improper. (*People v. Bedenkop* (1993), 252 Ill. App. 3d 419.) A woman's right to procreate is protected by the Federal Constitution. (*People v. McCumber* (1985), 132 Ill. App. 3d 339, 477 N.E.2d 525; *Roe v. Wade* (1973), 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705.) Although certain rights guaranteed by the constitution are lost upon conviction of a felony and by imprisonment, courts have rejected prevention of pregnancy as a justification for imposing a term of imprisonment. (*Bedenkop*,

252 Ill. App. 3d 419; *People v. Zaring* (1992), 10 Cal. Rptr. 2d 263, 8 Cal. App. 4th 362; *State v. Mosburg* (1989), 13 Kan. App. 2d 257, 768 P.2d 313; *Wiggins v. State* (Fla. App. 1980), 386 So. 2d 46.) We have found no contrary authority.

Where the trial judge considers an improper factor in sentencing, the case should be remanded for a new sentencing hearing. See, *e.g.*, *People v. Bennett* (1991), 222 Ill. App. 3d 188, 582 N.E.2d 1370; *People v. Wardell* (1992), 230 Ill. App. 3d 1093, 595 N.E.2d 1148; *People v. Sorice* (1989), 182 Ill. App. 3d 949, 538 N.E.2d 834.

We affirm defendant's conviction, but remand for a new sentencing hearing before a different judge. *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168, *rev'd on other grounds People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Brooks* (1979), 69 Ill. App. 3d 18, 386 N.E.2d 1160.

Affirmed in part; reversed in part and remanded.

JOHNSON and HOFFMAN, JJ., concur.