**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43709 & 43734**

| | |
|---|---|
| **STATE OF IDAHO,** ) | **2017 Unpublished Opinion No. 332** |
| ) | |
| **Plaintiff-Respondent,** ) | **Filed: January 25, 2017** |
| ) | |
| v. ) | **Stephen W. Kenyon, Clerk** |
| ) | |
| **DANIELLE NICOLE SCHREINER,** ) | **THIS IS AN UNPUBLISHED** |
| ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** ) | **BE CITED AS AUTHORITY** |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Orders revoking probation, <u>reversed</u>; orders denying Idaho Criminal Rule 35 motion, <u>affirmed</u>; and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Danielle Nicole Schreiner appeals from the district court's orders revoking probation and denying her Idaho Criminal Rule 35 motions. Schreiner argues the district court violated her constitutional rights and/or abused its discretion when it revoked her probation and executed her underlying sentences for the sole purpose of preventing Schreiner from becoming pregnant. We hold the district court did not abuse its discretion in finding probation was not achieving its stated goal of rehabilitation; however, the district court did abuse its discretion in revoking probation and executing the underlying sentences to prevent Schreiner from becoming pregnant. Additionally, we hold the district court did not err in denying Schreiner's I.C.R. 35 motions.

1

# I.

## FACTS AND PROCEDURAL BACKGROUND

Schreiner appeals from her orders revoking probation and orders denying her I.C.R. 35 motions in each of the above cases. In Docket No. 43709, Schreiner was convicted of grand theft for using a stolen credit card to make purchases at two different stores. Pursuant to a plea agreement, in exchange for Schreiner's guilty pleas to the charges, the State agreed not to pursue two charges of felony forgery, a misdemeanor possession of a controlled substance, and a persistent violator enhancement.

In Docket No. 43734, just a few days after the plea agreement was filed in the above case, Schreiner was arrested on an outstanding warrant in an unrelated case. During that arrest, evidence was discovered that led to the filing of another charge against Schreiner for felony possession of a controlled substance, methamphetamine. Schreiner pleaded guilty to the charge. The cases were consolidated for sentencing and in Docket No. 43709, Schreiner was sentenced to a unified term of ten years, with five years determinate, and the district court retained jurisdiction. In Docket No. 43734, Schreiner was sentenced to a unified term of three years, with one year determinate, to run consecutively to the sentence in Docket No. 43709. The district court retained jurisdiction in both cases. Schreiner successfully completed the period of retained jurisdiction and was placed on probation for three years.

Thereafter, in both cases, Schreiner admitted to violating various terms and conditions of probation; probation was revoked and reinstated with the additional condition that Schreiner immediately apply for admission to drug court and if accepted, meaningfully participate in and complete all required programming. Schreiner applied to and was accepted into drug court. After fifty-three weeks in drug court, during which time Schreiner became pregnant with twins, the drug court coordinating committee requested Schreiner be terminated from drug court on various grounds, including on-going use of methamphetamine and marijuana. As a result, the State filed another motion to revoke probation. Following a hearing, the district court revoked probation and executed the underlying sentence. Prior to the dispositional hearing, Schreiner delivered healthy twins and was not pregnant at the time of the probation disposition hearing. At the disposition hearing, the district court stated:

> I look at it this way: If going through probation and programming that is offered doesn't solve the problem, a retained jurisdiction doesn't solve the problem, a drug court, which is the most intensive program we have in the state of

2

Idaho, as far as I'm concerned, doesn't solve the problem, you have a defendant who has been through a child protection proceeding before, is in a child protection proceeding with regard to new children, and uses methamphetamine while pregnant, I don't know that there's any program, Ms. Schreiner, that I can put you in that would help you with your addiction. I don't know what it is.

I find that probation has not served its intended purposes, that the violations in this case are willful. They are particularly willful to me for one reason and one reason alone: Any woman who uses methamphetamine while pregnant does not deserve to live in a free society, as far as I'm concerned. And you discuss that with the court of appeals and the State if you think I'm wrong.

The sentences suspended in this case are imposed. I will not reduce them in any way. I'm hoping that the next six years you spend in the Idaho State Penitentiary will cause you to reexamine your life because I'm not going to take a chance for the next six years that you're going to get pregnant again and use meth and potentially destroy another child's life.

Schreiner then filed an I.C.R. 35 motion in each case, asking the district court to reconsider her sentences; the district court denied the motions. Schreiner timely appeals in each case from the order revoking probation and the order denying her I.C.R. 35 motion.

## II.

### STANDARD OF REVIEW

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this

Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

In reviewing a probation revocation proceeding, we use a two-step analysis. *State v. Knutsen*, 138 Idaho 918, 923, 71 P.3d 1065, 1070 (Ct. App. 2003). First, we ask whether the defendant violated the terms of his probation. *Id.* If it is determined that the defendant has in fact violated the terms of probation, the second question is what should be the consequences of that violation. *Id.*

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

### III.

### ANALYSIS

Schreiner raises three issues on appeal. First, Schreiner argues the district court deprived her of her constitutional rights to privacy, due process, and equal protection when it revoked her probation and executed the underlying sentence in order to prevent her from becoming pregnant. Second, Schreiner asserts the district court abused its discretion in revoking probation; and third, Schreiner asserts the district court abused its discretion in denying her I.C.R. 35 motions. The State argues the district court did not deprive Schreiner of any constitutional rights or abuse its discretion in revoking probation, executing the underlying sentence, and denying Schreiner's I.C.R. 35 motions. While we hold the district court did not err in determining probation was not

4

achieving the goal of rehabilitation, the district court did abuse its discretion when revoking probation and executing the underlying sentences to prevent Schreiner from becoming pregnant. Last, the district court did not abuse its discretion in denying Schreiner's I.C.R. 35 motions.

### 1. The district court did not err in determining that probation was not achieving the goal of rehabilitation

Following the period of retained jurisdiction, Schreiner completed approximately four months of probation before the State filed the first probation violations. Schreiner admitted to on-going methamphetamine use. Despite this, Schreiner was granted the opportunity to continue probation and she was placed in drug court as a term of her probation. After again using methamphetamine, this time while pregnant, Schreiner was expelled from drug court. The removal of Schreiner from drug court was one of the basis for the second probation violation. The district court correctly identified the relevant factors in determining whether Schreiner violated the conditions of her probation. The district court noted that Schreiner had two opportunities on probation; had been placed in drug court, which was the most intensive, non-custodial supervision available; and Schreiner still continued to use controlled substances. Based on Schreiner's admissions and the fact that Schreiner exhausted all community resources and had not been successful despite the programming and treatment she received, the district court did not abuse its discretion in determining that probation was not attaining the goal of rehabilitation.

### 2. The district court erred in determining the violation was willful and in executing the underlying sentence when it did so to prevent Schreiner's future pregnancy

After determining that Schreiner had violated the terms and conditions of her probation, the district court must then determine whether to revoke or continue probation. The applicable legal standard is whether the violation was willful or non-willful. *State v. Leach*, 135 Idaho 525, 529, 20 P.3d 709, 713 (Ct. App. 2001). Here, in finding the violations were willful and in articulating what disposition was appropriate, the district court made two statements which lead this Court to conclude that the district court erred. First, the district court stated:

> I find that probation has not served its intended purposes, that the violations in this case are willful. They are particularly willful to me for one reason and one reason alone: Any woman who uses methamphetamine while pregnant does not deserve to live in a free society, as far as I'm concerned.

Later, the district court stated:

> I'm hoping that the next six years you spend in the Idaho State Penitentiary will cause you to reexamine your life because I'm not going to take a chance for the

next six years that you're going to get pregnant again and use meth and potentially destroy another child's life.

For purposes of disposition, the district court correctly recognized that whether to revoke and reinstate probation or whether to execute the underlying sentence was discretionary. Schreiner argues the district court erred in considering the prevention of future pregnancy as a basis to justify executing the underlying sentence and raises the issue as a claim of fundamental error. However, while it could be a separate claim, in essence, it is a claim that the district court abused its discretion by failing to act consistently with the applicable legal standards.

The district court considered an improper factor--preventing pregnancy--at disposition. While there were other legitimate factors upon which the court could have justified finding Schreiner willfully violated probation and executed the underlying sentence, incarcerating a defendant to prevent future pregnancy is not one of those factors. Revoking probation and executing the underlying sentence on this basis constituted an abuse of discretion, because the court did not act consistently with any legal standards applicable to its specific choices before reaching its decision to revoke probation and execute the underlying sentence. The factors that a district court may consider in imposing sentence (and concomitantly, in executing the underlying sentence following a probation violation) are protection of society, deterrence of the individual and the public generally, the possibility of rehabilitation, and punishment. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

The district court's stated goal of incarcerating Schreiner to prevent her future pregnancy is not a relevant sentencing or probation violation dispositional goal and therefore, constituted an abuse of discretion. Similar statements were made in *People v. Negrete*, 629 N.E.2d 687 (Ill. 1994). There, Negrete was convicted of a heinous battery and sentenced to forty-five years in prison for scalding her seventeen-month-old son, who was also emaciated and weighed roughly that of a six-month-old infant. *Id*. at 688. One of Negrete's claims on appeal was that the district court improperly sentenced her, at least in part, to prevent her from becoming pregnant again. *Id*. at 689. At sentencing, although the trial judge considered legitimate aggravating factors, the appellate court found the district court went beyond considering legitimate factors when it stated: "And also, I believe it's a legitimate concern and a legitimate basis for removing Silvia Negrete from society as a whole to a situation where she will not become pregnant probably again. I think that's important. She has already demonstrated how she treats her young." *Id.* at 690

The appellate court noted that a sentence imposed to deter pregnancy is improper because

6

courts have rejected prevention of pregnancy as a justification for imposing a term of imprisonment. *Id*. *See also People v. Bedenkop*, 625 N.E.2d 123, 129 (Ill. 1993) (trial court's statement that he was incarcerating the defendant because he did not want to see her become pregnant for fear of endangering the life of an as-yet-unconceived child was particularly disturbing and was a violation of defendant's due process rights, which in combination with other errors, was reversible error); *State v. Ikerd*, 850 A.2d 516, 521 (N.J. App. Div. 2004) (trial court's decision to execute the underlying sentence following a probation violation for purposes of protecting an unborn child from harm is an abuse of discretion).

A sentence need not serve all sentencing goals; one may be sufficient. *State v. Waddell*, 119 Idaho 238, 241, 804 P.2d 1369, 1372 (Ct. App. 1991). In addition, deterrence falls under the primary consideration in sentencing, which is the good order and protection of society. *State v. Sheahan*, 139 Idaho 267, 285, 77 P.3d 956, 974 (2003). However, where a trial judge considers an improper factor at sentencing, the case should be remanded for a new sentencing. *State v. Camp*, 107 Idaho 36, 40, 684 P.2d 1013, 1017 (Ct. App. 1984) (Burnett dissenting in part). By analogy, when the court considers an improper factor as a basis for executing an underlying sentence following a probation violation, the case should be remanded for a new dispositional hearing. Here, the district court's consideration of an improper factor constituted an abuse of discretion. The order revoking probation and executing the underlying sentence is reversed.

### 3. The district court did not err in denying Schreiner's Idaho Criminal Rule 35 motions

Finally, the district court did not err in declining to reduce Schreiner's sentences pursuant to I.C.R. 35. Upon review of the record, including any new information submitted with Schreiner's I.C.R. 35 motions, we conclude no error or abuse of discretion has been shown. Therefore, the district court's order denying Schreiner's I.C.R. 35 motions are affirmed.

### IV.

### CONCLUSION

The district court abused its discretion in revoking probation and executing the underlying sentence, because the purpose of doing so was to prevent a future pregnancy by Schreiner. As such, the orders revoking probation and executing the underling sentences are reversed and the cases are remanded for new dispositional hearings in front of a different judge. The orders denying the I.C.R. 35 motions are affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.

7